CHARLES W. WAITE, JR., Plaintiff and Appellant, *v.*
WINNIE O. WAITE, Defendant and Respondent.
No. 10572.
Submitted December 16, 1963. Decided February 10, 1964.
389 P.2d 181.

Larry O. Woods, Billings, Richard Carstensen, Billings (argued), for appellant.

Daniel G. Kelly, Miles City, John R. Carr, Miles City (argued), for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal by plaintiff, Charles W. Waite, Jr., hereinafter referred to as appellant, from an order of the district court of the sixteenth judicial district rejecting the findings and verdict of the jury in cause No. 1083 and granting a new trial.

The trial of this cause initially involved the consolidation of two causes, No. 1083 and No. 1095. The opposing parties of both of these suits involved the same persons, son versus mother and mother versus son respectively.

Cause No. 1083 was brought by the son, Charles W. Waite, Jr., appellant, against his mother, Winnie O. Waite, respondent, for specific performance of an alleged oral agreement between appellant and respondent. A reading of the record indicates that possibly appellant's wife and father, now deceased, were also parties to the alleged agreement.

In 1940, appellant returned to the family ranch (the ranch in controversy), after finishing school and leaving Montana for a short period of time. The record indicates that there apparently existed an agreement between appellant and his parents whereby he would remain on the ranch, operate and manage it and in lieu of wages would receive calves, replacement heif-

ers for his herd and a per cent of what was sold each Fall. In 1952, respondent and her husband executed a deed of the ranch to appellant but reserved a life estate therein for themselves. Shortly thereafter, appellant entered into the bonds of matrimony. Appellant and his wife lived on the ranch. In 1953, appellant and his wife reconveyed the ranch, as conveyed by the 1952 deed, back to respondent. Appellant and family continued to make the ranch their home under similar arrangements that existed previous to 1952. Mr. Waite, Sr., passed away in 1959. The record shows respondent testified she did not inherit the ranch at this time since it was already in her name. Around 1961, appellant and his family moved to California.

In 1962, appellant made a demand on respondent, his mother, to convey to him a one-half interest in the ranch. Appellant contends that there had existed an oral agreement between him and his parents, specifically his mother, the respondent, whereby, if he remained on the ranch, operating and managing it for twenty years, she would convey a one-half interest absolute of the ranch to him. The twenty years is alleged to have ended in 1960. Respondent denied that such an oral agreement ever existed. Cause No. 1083 is founded on this denial.

Cause No. 1095 was brought by Winnie O. Waite, respondent here, against her son, appellant here, to recover the value of certain personal property allegedly taken by respondent.

Both causes were consolidated for trial. Prior to actual trial, appellant's counsel died and throughout the trial appellant acted as counsel on his own behalf. However, appellant has since obtained counsel.

The court impaneled an advisory jury on motion of counsel under Rule 39, M.R.Civ.P.

The jury returned a verdict in favor of appellant in cause No. 1083 and for respondent in cause No. 1095. On an alternative motion by respondent, the trial judge rejected the jury verdicts in both causes and ordered a new trial. The trial

judge's order was dated December 7, 1962. Appellant appealed from the portion of the order granting a new trial in cause No. 1083. Neither side appealed from the order granting the new trial in cause No. 1095. This portion is final.

The trial judge's order states in part: "The court therefore concludes that the motion of the defendant, Winnie O. Waite, in Cause No. 1083 to reject the findings and verdict of the jury is hereby in all things granted, and the said cause is reopened for further proof and a new trial is ordered therein, either before the court or the court sitting with a jury in an advisory capacity."

Appellant predicates his first specification of error on the portion of the trial judge's order as recited above. This specification of error is: "The court erred in granting respondent's motion to reject the findings and verdict of the jury, and reopen the cause for further proof."

Appellant's first specification of error might possibly have some validity if its subject matter stood alone. However, the ultimate result of the order is that a new trial is granted in cause No. 1083. Because of this result, portions of the order, as recited above, cannot be lifted out of context, scrutinized and specifications of error predicated thereon.

Section 93-5601, R.C.M.1947, states: "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court, or by referees."

Our research has failed to reveal a previously established legal definition of the term "re-examination" as it is used in context in section 93-5601. We believe it is unnecessary to dwell on this term's definition—that its common every day definition was meant to apply to it as it is used in section 93-5601. Webster's Third New International Dictionary, 1961, defines "re-examination" as "a second or new examination." Applying this definition to subject matter of section 93-5601, we believe the legislative intent is that when a new trial is granted, the new trial must be commenced fresh or new, with the parties

limited to the contents of the original pleadings, that the evidence and testimony of the previous trial is null and void—non-existent in effect—except when governed by the existing rules of evidence. In fact, this court has implied this previously in cases that involved the discussion of orders granting a new trial. In Maki v. Murray Hospital, 91 Mont. 251, 260, 7 P.2d 228, we stated "the former [order granting a new trial] merely restores the parties to the position they occupied before the trial. [Cases cited.]" This statement has been cited many times and as recently as 1961. See Herren v. Hawks, 139 Mont. 440, 444, 365 P.2d 641.

Appellant contends that the portion of the December 7, 1962, order recited above was error in part—the part as set forth in his first specification of error—that this order merely provides for a new trial. Respondent fails to answer this first specification of error contending that this portion of the order merely grants a new trial. The wording that the trial judge used in this portion of his December 7, 1962, order may be surplusage since in fact it states nothing or accomplishes nothing other than what the granting of the new trial accomplishes. If there is error in this surplus language, we do not feel it is sufficient error to have prejudiced appellant's rights to due process of law.

Appellant's second specification of error is: "The court erred in ordering a new trial therein either before the court or the court sitting with a jury in an advisory capacity."

Cause No. 1083 was commenced with the intention of obtaining the specific performance of an alleged oral contract for the conveyance of land. Specific performance is, by its very nature, an action in equity, and rules for the granting of new trials in equitable proceedings have long been established by our Legislature and by innumerable cases. A general rule is that the granting of a new trial is within the sound discretion of the trial court. Herren v. Hawks, 139 Mont. 440, 444, 365 P.2d 641. This rule and others must control.

"In considering the propriety of the court's ruling in granting the new trial, we keep in mind that, 'The granting, or refusal to grant, a motion for a new trial lies within the sound discretion of the trial court, and its order thereon will be reversed only for manifest abuse in that discretion. * * *

"'An order, general in its terms, granting a new trial, will be upheld if it can be sustained on any ground stated in the motion therefor * * *.' Maki v. Murray Hospital, 91 Mont. 251, 260, 7 P.2d 228, 230." Garrison v. Trowbridge, 119 Mont. 505, 506, 507, 177 P.2d 464, 465. See also Herren v. Hawks, 139 Mont. 440, 444, 365 P.2d 641.

The basic criteria for determining whether a new trial should be granted in equity actions are provided for in section 93-5602, R.C.M.1947. These criteria are subdivisions 1, 3 and 4 of section 93-5603, R.C.M.1947, which state that a new trial may be granted for:

"1. Irregularity in the proceedings of the court, jury, or adverse party, or any order of the court, or abuse of discretion, by which either party was prevented from having a fair trial;

"3. Accident or surprise, which ordinary prudence could not have guarded against;

"4. Newly discovered evidence, material for the party making application, which he could not, with reasonable diligence, have discovered and produced at the trial."

The order of December 7, 1962, granting the new trial in cause No. 1083 stated in part: "it [the trial court] is of the opinion that in view of the many inconsistencies in the evidence, and which appear to be unexplained, that the record will not support the findings and verdict of the jury in Cause No. 1083 * * *." This wording indicates to us that the trial court itself felt there had been irregularities in the proceedings throughout the trial; it recognized these irregularities and granted a new trial under the provisions of section 93-5603, subd. 1, R.C.M.1947.

Reviewing the case, we agree with the trial court that

gross irregularities and multiple fractures of the rules of evidence can be found interspersed throughout the record. Appellant acted as his own counsel. He was untrained in either law or legal procedures. The record indicates that the appellant, while acting in the capacity of his own attorney, testified time after time while questioning various witnesses; that the judge overruled many of respondent's objections to this procedure; that the appellant was warned many times concerning this procedure but to no avail, and that by reason of lack of legal training no disciplinary action was ever taken to keep appellant within the ordinary limits that counsel is obliged to observe.

We feel the trial judge moved by compassion for appellant's lack of legal education, attempting to help and assist him in the ways of the law, may have prevented the respondent from having a fair and impartial trial as required by section 93-5603, subd. 1, R.C.M.1947. Thereafter, the trial judge used his own discretion in an attempt to rectify this possible error and granted a new trial, under Rule 59(d), M.R.Civ.P.

Appellant further argues that "In the event the order for a new trial is upheld, any such new trial must be tried by a jury in the same manner as was the original trial." Appellant cites Rule 39(c), M.R.Civ.P., and the fact that both parties allowed a trial by jury in the original action, to substantiate his position.

Rule 39(c), M.R.Civ.P., states: "In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

The instant action was not a matter of right. As we have stated earlier in this decision, a new trial places this action at the same state it was before trial. The parties commence the trial anew. Rule 39(c), M.R.Civ.P., is not a manda-

tory section. The court "may try," but it need not since this section does not state "must try."

The order granting a new trial is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, JOHN CONWAY HARRISON and ADAIR concur.