PETITION OF CHARLES W. WAITE, JR.
No. 10748.
Decided February 14, 1964.
389 P.2d 407.

PER CURIAM.

Charles W. Waite, Jr., appearing pro se, has filed in this court a petition seeking an order requiring the district judges of the 16th judicial district to grant him a hearing in civil action 1120, pending in the district court of Powder River County, Montana.

From the petition it appears that an order to show cause and restraining order was issued by the court; that Waite disqualified one of the judges of that court and the other judge of the

district was called in to preside. The second judge set the matter for hearing but such hearing was continued until May 22, 1963. Before that date arrived contempt charges were filed against Waite, likewise set for hearing on May 22, 1963. Waite contends he was without funds to employ counsel and represented himself, and from his letter accompanying his petition it appears he was fined $150 on the contempt charge. He further alleges that he has been denied a hearing and requests this court to order a hearing to be held on the restraining order and that the district court be ordered to supply him with competent counsel.

It is not possible for this court to ascertain the fact situation in this matter because of the brief narration contained in the petition which Waite states was prepared by himself. We have no copies of pleadings nor transcript of the proceedings to assist us. We can only surmise that Waite was charged with a violation of the restraining order and the contempt charge was maintained for that reason and at the hearing he was found guilty and a fine imposed.

There is no duty resting upon the district court to provide a civil litigant with counsel. It is to be noted further that Waite was the appellant in Waite v. Waite, 143 Mont. 248, 389 P.2d 181, argued before this court on November 6, 1963, opinion handed down on February 10, 1964, and while in that cause he acted as his own attorney in the district court trial he was represented by counsel before this court on the appeal. It would not appear from the record upon that appeal that Waite is destitute.

It is incumbent further upon petitioners seeking original jurisdiction in this court to make a showing of the inadequacy or unavailability of any other remedy, either in the district court or by way of appeal to this court. No such showing is here made.

For these reasons the petition is without merit and we decline to accept jurisdiction and order the proceeding dismissed.