116

STATE EX REL. KOBER AND KYRISS, PETITIONERS, *v.* DISTRICT COURT OF THE THIRTEENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF YELLOWSTONE, AND THE HONORABLE E. E. FENTON, A JUDGE THEREOF, RESPONDENTS.

No. 11075.
Filed January 21, 1966. Decided January 31, 1966.
410 P.2d 945.

Sandall, Moses, Cavan & Battin and Valerie W. Scott (argued), Billings, for petitioners.

Jardine, Stephenson, Blewett & Weaver, Great Falls, John D. Stephenson, Jr., (argued), Great Falls, for respondents.

PER CURIAM:

On January 21, 1966, petitioners filed an application for writ of supervisory control and following an ex parte hearing

on that date an order to show cause was issued, returnable at the hour of 10:00 o'clock A.M., on January 31, 1966. On the return day, respondents filed their answer and therein as a third defense alleged: "The petitioners have an adequate remedy by appeal and, therefore, their application for writ of supervisory control should be denied."

The basis for the application is the entry of a summary judgment in favor of one of the defendants in a civil negligence action under Rule 54(b), M.R.Civ.P., appealable under Rule 1, M.R.App.Civ.P. Petitioners contend the remedy by appeal is inadequate because of the advanced age of the ward of plaintiffs, the length of time the litigation has been pending without trial, the fact that trial could be had in the immediate future if petitioners were not required to follow the appeal procedures, and that no trial can be fairly and intelligently had without presence of the defendant dismissed from the action by virtue of the summary judgment.

The Montana Rules of Appellate Civil Procedure provide in Rule 9(a): *"Composition of the Record on Appeal.* The original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases."

We are advised that no testimony was taken in the district court hearing, and the other requirements for the record are immediately available. An appeal could be taken forthwith and unless counsel desire additional time for briefing such appeal could be submitted upon the briefs filed in this original proceeding.

██ In view of the provisions of the Montana Rules of Appellate Civil Procedure for the expeditious handling of appeals we are not inclined to issue writs of supervisory control as a method of short cut appeal, except under the most extenuating circumstances which we need not attempt to catalog. In this cause no such circumstances appear.

The writ requested is denied and the proceeding is dismissed.