APPLICATION OF ROGER W. CRIST, WARDEN, MONTANA STATE PRISON, FOR AN APPROPRIATE WRIT, PETITIONER, *v.* HONORABLE ROBERT J. BOYD, DISTRICT JUDGE, THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT, IN AND FOR THE COUNTY OF POWELL, AND THE MONTANA DEFENDER PROJECT, RESPONDENTS, AND THE BOARD OF INSTITUTIONS AND THE HONORABLE ROBERT L. WOODAHL, ATTORNEY GENERAL OF MONTANA, AMICUS CURIAE.

No. 13219.
Submitted April 20, 1976.
Decided Aug. 16, 1976.
560 P.2d 531.

Daniels & Mizner, M. K. Daniels argued, Deer Lodge, Montana, for petitioner.

Thomas Dooling argued, Dillon, Sandra R. Muckelston argued, Missoula, David J. Patterson appeared, Missoula, for respondents.

Nick A. Rotering appeared, Helena, amicus curiae.

MR. JUSTICE CASTLES delivered the opinion of the Court.

Petitioner seeks a writ of supervisory control or other appropriate writ to set aside orders of the district court directing him to award increased good time allowances to Montana State Prison inmates Alva Dale Henke and Richard Lawrence Sullivan. Henke has subsequently been released on parole rendering the action moot as to him and we limit our consideration to the facts concerning Sullivan.

Sullivan was sentenced to prison on October 29, 1974, for consecutive terms of twenty years and five years on one count of aggravated assault committed on March 6, 1974, and a second count of aggravated burglary committed on March 21, 1974.

Acting under section 80-1905, R.C.M.1947, as amended July 1, 1974, petitioner classified Sullivan as a habitual offender. This meant that while working within the prison walls he could earn only five days of good time per month instead of ten. In 1975 section 80-1905, R.C.M.1947, was amended to remove this limitation on good time awards to habitual offenders. Petitioner, however, refused to apply the 1975 amendments retroactively.

On August 19, 1975, Sullivan sought a writ of mandamus and on October 10, 1975, the district court ordered petitioner to grant Sullivan ten days of good time per month retroactive to July 1, 1974. It is this order that petitioner asks this Court to set aside.

The single issue on this application is whether this is an appropriate case for an extraordinary writ.

In Petition of Waite, 143 Mont. 321, 322, 389 P.2d 407, 408, the Court said:

"It is incumbent further upon petitioners seeking original jurisdiction in this court to make a showing of the inadequacy or

unavailability of any other remedy, either in the district court or by way of appeal to this court. * * *"

Here, petitioner filed a notice of appeal on November 10, 1975, prior to filing this application on November 19, 1975. He has failed to show that his remedy of appeal to this court would be inadequate. There is no emergency here and it has not been shown that the district court acted arbitrarily. To the contrary, the record discloses that Sullivan's petition was fully considered on its merits and petitioner had an opportunity to be heard before the district court rendered its decision. Without a showing of extenuating circumstances we will not issue an extraordinary writ as a method of short cut appeal. *State ex rel. Kober & Kyriss v. District Court*, 147 Mont. 116, 117, 410 P.2d 945.

Accordingly, the motion to quash is granted and the application is denied.

JUSTICES HASWELL, JOHN C. HARRISON and DALY and M. JAMES SORTE, District Judge, sitting for Chief Justice James T. Harrison, concur.