No. 13219

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

IN THE MATTER OF THE APPLICATION OF
ROGER W. CRIST, WARDEN, MONTANA STATE
PRISON, FOR AN APPROPRIATE WRIT,

                    Petitioner,

    -vs-

HONORABLE ROBERT J. BOYD, DISTRICT
JUDGE, THE DISTRICT COURT OF THE THIRD
JUDICIAL DISTRICT, IN AND FOR THE
COUNTY OF POWELL, AND THE MONTANA
DEFENDER PROJECT,

                    Respondents,

        and

THE BOARD OF INSTITUTIONS AND THE
HONORABLE ROBERT L. WOODAHL, ATTORNEY
GENERAL OF MONTANA,

                    Amicus Curiae.

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Petitioner:

        Daniels and Mizner, Deer Lodge, Montana
        M. K. Daniels argued, Deer Lodge, Montana

    For Respondents:

        Thomas Dooling argued, Dillon, Montana
        Sandra R. Muckelston argued, Missoula, Montana
        David J. Patterson appeared, Missoula, Montana

    For Amicus Curiae:

        Nick A. Rotering appeared, Helena, Montana

---

                    Submitted:  April 20, 1976

                    Submitted: AUG 16 1976

Filed: AUG 16

_Thomas J. Kearney_
                            Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

Petitioner seeks a writ of supervisory control or other appropriate writ to set aside orders of the district court directing him to award increased good time allowances to Montana State Prison inmates Alva Dale Henke and Richard Lawrence Sullivan. Henke has subsequently been released on parole rendering the action moot as to him and we limit our consideration to the facts concerning Sullivan.

Sullivan was sentenced to prison on October 29, 1974, for consecutive terms of twenty years and five years on one count of aggravated assault committed on March 6, 1974, and a second count of aggravated burglary committed on March 21, 1974.

Acting under section 80-1905, R.C.M. 1947, as amended July 1, 1974, petitioner classified Sullivan as a habitual offender. This meant that while working within the prison walls he could earn only five days of good time per month instead of ten. In 1975 section 80-1905, R.C.M. 1947, was amended to remove this limitation on good time awards to habitual offenders. Petitioner, however, refused to apply the 1975 amendments retroactively.

On August 19, 1975, Sullivan sought a writ of mandamus and on October 10, 1975, the district court ordered petitioner to grant Sullivan ten days of good time per month retroactive to July 1, 1974. It is this order that petitioner asks this Court to set aside.

The single issue on this application is whether this is an appropriate case for an extraordinary writ.

In Petition of Charles W. Waite, Jr., 143 Mont. 321, 322, 389 P.2d 407, the Court said:

> "It is incumbent further upon petitioners seeking original jurisdiction in this court to make a showing of the inadequacy or un-availability of any other remedy, either in the district court or by way of appeal to this court. * * *"

Here, petitioner filed a notice of appeal on November 10, 1975, prior to filing this application on November 19, 1975. He has failed to show that his remedy of appeal to this Court would be inadequate. There is no emergency here and it has not been shown that the district court acted arbitrarily. To the contrary, the record discloses that Sullivan's petition was fully considered on its merits and petitioner had an opportunity to be heard before the district court rendered its decision. Without a showing of extenuating circumstances we will not issue an extraordinary writ as a method of short cut appeal. State ex rel. Kober & Kyriss v. District Court, 147 Mont. 116, 117, 410 P.2d 945.

Accordingly, the motion to quash is granted and the application is denied.

_Wesley Castles_
Justice

We concur:

_Frank I. Haswell_

_John Conway Harrison_

_Gene B. Daly_
Justices

_M. James Sorte_
Hon. M. James Sorte, District
Judge, sitting in place of Mr.
Chief Justice James T. Harrison.

- 3 -