No. 13592

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

STATE OF MONTANA, on the relation
of GERALD N. LEAVITT, and ELEANORA E.
LEAVITT,

    Relators,

  -vs-

THE DISTRICT COURT OF THE THIRTEENTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE
COUNTY OF YELLOWSTONE, and THE HON. NAT ALLEN,
Judge thereof,

    Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

  For Relators:

    Poore, McKenzie, Roth, Robischon & Robinson,
     Butte, Montana
    Allen McKenzie argued, Butte, Montana

  For Respondents:

    Crowley, Haughey, Hanson, Gallagher and Toole,
     Billings, Montana
    Stephen Foster argued and Robert Edd Lee argued,
     Billings, Montana

---

       Submitted: January 25, 1977

       Decided FEB 17 1977

Filed: FEB 17 1977

*Thomas J. Kearney*
         Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Relators Gerald N. Leavitt and Eleanora E. Leavitt seek a writ of supervisory control from this Court: (1) To require the presiding judge in civil cause No. 59760 in the district court of Yellowstone County to surrender jurisdiction, and (2) to annul all orders made by the presiding judge in that case on November 15, 1976.

The civil case in the district court to which this application is directed is complex, voluminous, and long standing. Plaintiffs in the district court are John Slovak, Mary K. Slovak, Paul Slovak, Mary J. Slovak, Andrew Slovak, and Ann E. Slovak. Defendants are the relators here, Gerald N. Leavitt and Eleanora E. Leavitt, husband and wife; Kentucky Fried Chicken of Montana, a corporation; Montana Franchising, Inc., a corporation; Fred C. Haas, Jr.; and Raymond C. Whitaker.

The action in district court essentially involves an alleged breach of contract and fraud arising out of the sale of the Kentucky Fried Chicken franchise for Montana by the Slovaks to Kentucky Fried Chicken of Montana, a corporation (KFCM).

The case commenced with the filing of the original complaint by the Slovaks on April 19, 1972. Thereafter for more than four years there ensued various pleadings, motions, negotiations, pretrial discovery, disqualification of judges, an appeal to this Court on the question of venue, removal and remand to and from the federal court, and miscellaneous matters unnecessary to detail in this opinion.

On June 3, 1976, the district court set the case for trial on September 22. An informal conference between counsel and the presiding judge was held on August 27 at which time the following events transpired: (1) Slovaks' attorney gave notice

of his intention to file an amended complaint, (2) counsel for Gerald Leavitt, KFCM and Montana Franchising, Inc., a corporation (MFI) indicated he did not intend to disqualify the presiding judge, and (3) rulings were made on various matters pertaining to pretrial discovery.

On September 8 the district court entered an order: (1) Vacating the trial setting of September 22 and resetting trial for November 3, and (2) setting a pretrial conference for October 22.

On September 29 the Slovaks served a copy of their amended complaint on the attorney of record for Gerald Leavitt, KFCM, and MFI. On October 5 the amended complaint was personally served on both Leavitts in Las Vegas, Nevada by a deputy sheriff. The principal difference between the original complaint and the amended complaint was: (1) The amended complaint added Eleanora E. Leavitt, wife of Gerald N. Leavitt, as a party, and (2) the amended complaint plead damages more specifically and with particularity. The basic theory of the case remained unchanged.

On October 19 the Leavitts filed a removal petition with the United States District Court in Billings, Montana, seeking removal of the action to federal court on the ground of diversity of citizenship. On November 1, United States District Judge James F. Battin remanded the case back to the state district court and subsequently assessed attorneys' fees against the Leavitts for wrongful removal.

On the same date, November 1, the presiding judge in the Yellowstone County district court entered an order: (1) Denying the pending motion to dismiss previously filed by the Leavitts, (2) directed the defendants to answer plaintiffs' amended complaint by 9:00 a.m. on November 3, and (3) directed the trial to commence at 10:00 a.m. on November 3 as previously ordered. According to counsel for Leavitts, notice of entry of this order was

communicated to them by telephone at about 4:50 p.m. on November 1. The following day, November 2, was a legal holiday.

On November 3 the following occurred, not necessarily in this order: (1) The Leavitts filed an affidavit of disqualification against the presiding judge, (2) the presiding judge struck the affidavit of disqualification because it was filed less than 15 days prior to trial, (3) the clerk entered the default of KFCM and MFI for failure to answer or otherwise plead to the amended complaint, as ordered by the court, and (4) the Leavitts filed an application for supervisory control with this Court seeking to have the order of the district court of November 3 vacated. We heard the Leavitts' application, stayed proceedings in the district court, and granted Leavitts five days in which to apply to the district court for the relief sought.

On November 5 the Slovaks filed a motion for partial summary judgment against both Leavitts and prayed that any judgment against KFCM and MFI be likewise entered against Leavitts.

On November 8 Leavitts filed: (1) A second affidavit of disqualification against the presiding judge, and (2) a separate motion to vacate the default against KFCM and MFI and to dismiss the amended complaint against KFCM and MFI for insufficiency of service of process and failure to state a claim.

A hearing was held on these pending matters on November 15. Thereafter the district court entered its order on the same date which, insofar as is pertinent to this proceeding, provided: (1) The motion to set aside all orders of November 3 by the district court was denied, (2) the motion to set aside the district court's orders striking the affidavit of disqualification was denied, and (3) Slovaks' motion for partial summary judgment was granted. Additionally the recess in the trial was extended, the Leavitts were ordered to answer the amended complaint by November 19, and a conference between court and counsel was set

- 4 -

for November 19.

Thereupon Leavitts filed the instant application for a writ of supervisory control with this Court to test the validity of the district court's orders of November 15. An adversary hearing was held and the matter submitted for our decision.

Three issues are presented for decision:

(1) Is supervisory control a proper remedy?

(2) Should the presiding judge be required to relinquish jurisdiction?

(3) Should the district court's orders of November 15 be annulled?

We hold that supervisory control is a proper and available remedy to determine the relief sought by Leavitts. We have previously held that supervisory control is a proper remedy to review an order striking two defenses and granting plaintiff summary judgment on the issue of liability because the hardship on relator in defending the remaining issue of damages rendered the remedy by appeal wholly inadequate. State ex rel. Great Falls National Bank v. District Court, 154 Mont. 336, 463 P.2d 326, and cases cited therein. We have also held that supervisory control was a proper remedy to cut through a procedural morass and enable prompt litigation of the substantive rights of the parties on the merits. State ex rel. Amsterdam Lbr. Co. v. Dist. Ct., 163 Mont. 182, 516 P.2d 378. Here we have an order defaulting two defendants, an order granting partial summary judgment against some of the defendants, and a procedural tangle involving the attempted disqualification of the presiding judge, removal and remand of the case to and from federal court, and a number of orders whose validity is in controversy. Under these circumstances, we do not consider the remedy of appeal following trial as to some of the defendants an adequate remedy. Hence we accept jurisdiction of relators' application for a writ of

supervisory control.

The attempted disqualification of the presiding judge requires no extended discussion. The presiding judge has been in jurisdiction since January 24, 1973. As late as August 27, 1976, counsel indicated he did not intend to disqualify the presiding judge. The first affidavit of disqualification against the presiding judge was filed on November 3, 1976, the day of trial.

We have previously condemned such practice. State ex rel. Kidder v. Dist. Ct., 155 Mont. 442, 472 P.2d 1008. Here the Leavitts argue that the affidavit of disqualification was timely filed because it was filed immediately after receiving the district court's order of November 1, citing Wheeler v. Moe, 163 Mont. 154, 515 P.2d 679, in support. Leavitts also contend that the presiding judge arranged the calendar to circumvent the disqualification statute.

The controlling statute, section 93-901, R.C.M. 1947, as amended, provides in pertinent part:

> " * * * If there be more than one judge * * *
> in any district in which said affidavit is
> made and filed, upon the first disqualification
> * * * another judge * * * residing in the dis-
> trict * * * must be called in to preside * * *;
> upon the second or any subsequent disqualifica-
> tion, a judge * * * of another district of the
> state must be called in to preside * * * when
> another judge * * * has assumed jurisdiction * * *
> the clerk of the court * * * shall at once notify
> the parties or their attorneys of record * * * of
> the name of the judge * * * called in * * *.
> <u>Such second or    subsequent affidavit of disqual-
> ification shall be filed with the clerk of the
> court * * * within three days after the party or
> his attorney * * * filing such affidavit, has
> received notice as to the judge * * * assuming
> jurisdiction * * *.</u>" (Emphasis added.)

Here all parties except Eleanora Leavitt had lost their right to disqualify the presiding judge in January, 1973. At the time Eleanora Leavitt was made a party by the filing and service of the amended complaint, the trial date of November 3

had been set. She had the right to file a disqualifying affidavit up to 15 days prior to trial. That time expired on October 19, the fifteenth day prior to trial. The attempted disqualification on November 3, the day of trial, came much too late and was properly stricken by the presiding judge. The disqualification statute was not intended as an instrument to secure delays or postponements of trial. State ex rel. Jacobs v. Dist. Ct., 48 Mont. 410, 138 P. 1091.

The same is true of the second affidavit of disqualification filed on November 8. The right of disqualification once lost cannot be revived by a continuation of the trial for the benefit of relators as occurred here.

The final issue concerns the default of KFCM and MFI and the partial summary against both Leavitts. Counsel for Leavitts argues that he never agreed to accept service of the amended complaint on behalf of KFCM and MFI, that the two corporations were never served, and that entry of default against them deprived them and Leavitts of their property without due process of law. Counsel for Slovaks contend that the amended complaint was properly served upon the two corporations by service on their counsel, that no responsive pleading had been filed by the two corporations within the time allowed by law, and the defaults against the two corporations were properly entered for failure to file a responsive pleading as well as failure to appear for trial.

We find that service of the amended complaint was properly made on KFCM and MFI. The amended complaint was served on counsel of record for the two corporations. Whether counsel agreed to accept service on their behalf is immaterial. Service of the amended complaint is required to be made by service on the attorney in this case pursuant to Rule 5(b), M.R.Civ.P., which provides in pertinent part:

"Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. * * *"

The court did not order service upon the parties themselves, KFCM and MFI, in this case. Hence, they were technically in default for failure to file a responsive pleading when the district court entered their default on November 3. Rule 15(a), M.R.Civ.P.

However, the rapidity of events on November 1 and November 3 justify vacating the defaults in our opinion. Although the time for filing a responsive pleading had expired before removal of the case to federal court, no default against the two corporations had been entered. None could be entered between October 19 and November 1 when the case was remanded to the district court of Yellowstone County. Counsel for the two corporations received no notice of the remand until about 4:50 p.m. on November 1 when the clerk of the state district court called him on the telephone and advised him of the order of the court which directed, among other things, that the defendants answer the amended complaint by 9:00 a.m. on November 3. Following the events of November 3, default against the two corporations was entered on November 5, prior to the time we granted the Leavitts in which to seek relief in the district court from the orders of November 3.

In vacating the defaults of KFCM and MFI, we have considered the fact that Leavitts are the alter ego of the two corporations and are personally liable for any judgments against the two corporations under the terms of an assignment dated March 31, 1972. Thus any default against the two corporations has the legal effect of a default against Leavitts on at least part of the Slovaks' claims.

We consider the entry of the partial summary judgment on

- 8 -

the same basis. It is based on the personal liability of Leavitts under the assignment of March 31, 1972, and the dissolution of KFCM. It is based on the default of KFCM. As we have vacated the default of the two corporations, the partial summary judgment against the Leavitts based upon the derivative liability of the two corporations must be vacated.

We have considered the other arguments of the parties and since we find they would not alter our decision here, we find it unnecessary to discuss them point by point in this opinion.

For the reasons set forth above, we hold that the presiding judge retains jurisdiction of this case; we vacate the default taken against KFCM and MFI and grant them and Leavitts 10 days in which to file a responsive pleading to the amended complaint; we vacate the partial summary judgment heretofore entered without prejudice to renewal of the motion therefor; and we remand the case to the district court of Yellowstone County for further proceedings not inconsistent with this opinion.

Let remittitur issue forthwith.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

- 9 -