IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 14648

TOWN PUMP, INC., and BOZEMAN TOWN
PUMP, INC., and WALLACE DITEMAN, INC.,
a Montana Corporation, W-D CONSTRUCTION,
a/k/a Diteman Construction, and
Wallace Diteman, Individually,

Relators,

vs.

THE DISTRICT COURT OF THE EIGHTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
GALLATIN, AND THE HON. JACK D. SHANSTROM,
JUDGE THEREOF,

Respondents.



FILED

APR - 6 1979

*Thomas J. Kearney*
CLERK OF SUPREME COURT,
STATE OF MONTANA

The above named cause is amended as follows:

"When Judge Shanstrom assumed jurisdiction
in November 1976, relators and all other
parties then in the action under section
93-401, now section 3-10-101 MCA had but
three days, upon receiving notice, to file
a disqualifying affidavit."

Should read:

"When Judge Shanstrom assumed jurisdiction
in November 1976, relators and all other
parties then in the action under section
93-901 had but three days, upon receiving
notice, to file a disqualifying affidavit."

DATED this 6th day of April, 1979.

_____
Chief Justice

No. 14648

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

TOWN PUMP, INC., and BOZEMAN TOWN
PUMP, INC., and WALLACE DITEMAN, INC.,
a Montana Corporation, W-D Construction,
a/k/a DITEMAN CONSTRUCTION, and WALLACE
DITEMAN, individually,

Relators,

-vs-

THE DISTRICT COURT OF THE EIGHTEENTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND FOR
THE COUNTY OF GALLATIN, AND THE HON. JACK D.
SHANSTROM, JUDGE THEREOF,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relators:

Landoe, Brown, Planalp, Kommers & Lineberger,
Bozeman, Montana
Bolinger and Wellcome, Bozeman, Montana

For Respondents:

Goetz and Madden, Bozeman, Montana

---

Submitted on briefs: January 19, 1979

Decided: EB 4 1979

Filed: EB 4 1979

Thomas J. Kearney
Clerk

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 14648

TOWN PUMP, INC. and BOZEMAN TOWN
PUMP, INC., and WALLACE DITEMAN,
INC., a Montana Corporation,
W-D CONSTRUCTION, a/k/a DITEMAN
CONSTRUCTION, and WALLACE DITEMAN,
individually,

Relators,

vs.

THE DISTRICT COURT OF THE EIGHTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
GALLATIN, and THE HONORABLE JACK D.
SHANSTROM, Judge thereof,

Respondents.

ORDER AND OPINION

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Application by relators for a writ of supervisory control. We accepted jurisdiction of the application, ordered briefs to be filed and now decide the issues without oral argument.

After fully considering the application, the supporting and opposing briefs, the applicable law and the facts in this case, we determine that the application for writ of supervisory control should be denied for the following reasons:

This application relates to cause no. 22478, now pending in the Eighteenth Judicial District, Gallatin County, entitled Stanley W. Ferguson et al. v. Town Pump, Inc., Bozeman Town Pump, Inc. v. Wallace Diteman, Inc., a/k/a Diteman Construction and Wallace Diteman. We had that cause

-1-

before us on appeal, and entered a decision on June 13, 1978 (_____Mont. _____, 580 P.2d 915, 35 St.Rep. 824). The original complaint charged negligent maintenance against defendants, and damages arising out of gasoline contamination of water wells. During the litigation, the Hon. W. W. Lessley was disqualified by affidavit of plaintiffs. The Hon. Edward Dussault thereupon assumed jurisdiction but he was subsequently disqualified by plaintiffs. The Hon. Jack D. Shanstrom assumed jurisdiction in November 1976. A jury trial was held before Judge Shanstrom beginning December 6, 1976 as a result of which the jury returned a verdict totaling $66,656.00, for which judgment was entered in favor of the plaintiffs. Plaintiffs subsequently moved the court either to substitute a higher damage award or to grant a new trial on the issue of damages. The District Court granted the motion for a new trial on the damages issue.

Thereafter, defendants Town Pump and Diteman appealed from the order granting a new trial. Town Pump also appealed from the dismissal of its indemnification claim against Diteman. Plaintiffs cross-appealed from the denial of their motion to increase mathematically the damage award, and also from the denial of their offered instructions regarding punitive damages.

In our decision of June 13, 1978, this Court affirmed the trial court's order granting a new trial on the damages issue; reversed the trial court's dismissal of Town Pump indemnification claim against Diteman, and ordered a new trial on that issue; and affirmed the trial court's denial of plaintiffs offered instructions regarding punitive damages. By remittitur dated June 26, 1978, this Court remanded the cause to the trial court for a new trial in accordance with our decision.

-2-

On June 22, 1978, however, defendants filed a motion for substitution of a new judge. Thereafter, by order filed November 24, 1978, Judge Shanstrom denied defendants motion for substitution of judge and set a jury trial on the damages issue for January 8, 1979.

At a pretrial conference in January 1979, defendants again raised the contention that Judge Shanstrom was without jurisdiction by virtue of the filing of the motion for substitution. Plaintiffs resisted the substitution of judge. Thereupon Judge Shanstrom advised counsel for both parties that he would continue the date of trial on the damages issue in order to give defendants time to apply to this Court for a writ of supervisory control.

This decision turns on the determination by us of two issues:

(1) Whether section 93-901, R.C.M. 1947, or our order for Disqualification and Substitution of Judges (34 St.Rep. 26, Dated December 29, 1976) applies.

(2) If section 93-901 applies, whether defendants complied with its provisions in seeking to disqualify Judge Shanstrom.

Our order for Disqualification and Substitution of Judges was entered after a study had been undertaken with reference to that subject. The court saw a need to establish an orderly system of disqualification in both civil and criminal cases, and by the terms of that order, it supersedes, and is to be used to the exclusion of section 93-901, and other sections set forth in the rule relating to disqualification and substitution of judges. In paragraph 7b, we provided in that order that if a new trial had been ordered by the Supreme Court, within ten days after notice of receipt of the remittitur, a party to an action could file a motion for the substitution of a judge. However, we also provided in the order that:

> "This rule shall be effective on March 1,
> 1977, it to apply to all actions filed
> on or after that date."

The complaint in cause no. 22478, in the Eighteenth Judicial District, Gallatin County, was filed on September 22, 1975.

It would seem clear therefore from the language of our order of December 26, 1978, that it would not apply to this cause, since the effective date of the order is subsequent to the date when the complaint was filed in the subject case. However, the relators claim that a remittitur for a new trial from the Supreme Court in effect means that the action has commenced anew, and that the order for Disqualification and Substitution of Judges should be given effect instead of section 93-901. Relators rely on section 93-5601, R.C.M. 1947, now section 25-11-101 MCA, which provides that "a new trial is a reexamination of an issue of fact in the same court after a trial and decision by a jury or court . . ." and upon several cases construing that section, principally including Waite v. Waite (1964), 143 Mont. 248, 389 P.2d 181. However, relators are confusing the "reexamination" of an issue of fact with the term "commencement of action". Our order applies to "all actions filed" on or after March 1, 1977. The grant of a new trial by a District Court or by this Court is not the "filing of a new action". Rather the action, although commenced fresh or anew, is nevertheless limited to the original pleadings. This Court said so in Waite, supra:

> ". . . Applying this definition to
> subject matter of section 93-5601,
> we believe the legislative intent is
> that when a new trial is granted, the
> new trial must be commenced fresh or
> new, with the parties limited to the
> contents of the original pleadings,
> that the evidence and testimony of

-4-

the previous trial is null and void--
non-existent in effect--except when
governed by the existing rules of
evidence . . ."  (Emphasis supplied.)

Under the provisions of section 93-2701, R.C.M.
1947, now section 27-2-102 MCA, an action is commenced
when the complaint is filed.

It is the filing date of the original complaint that
determines whether our order for disqualification and sub-
stitution of judges applies.  In this case, the filing date
preceded the effective date of the order.

Therefore, if relators had a right to disqualify the
trial judge after our grant of a new trial, they must have
done so within the provisions of section 93-901 or be
precluded from such disqualification.

The relators have failed to comply with section 93-901
for two reasons:

(1)  They have failed to file an affidavit in accord-
ance with section 93-901(4), stating that relators cannot
have a fair and impartial hearing and trial before the
district judge in question.

(2) They have failed to file their affidavit of
disqualification within three days of the time that they
were notified that Judge Shanstrom assumed jurisdiction.
When Judge Shanstrom assumed jurisdiction in November 1976,
relators and all other parties then in the action under
section 93-901, now section 3-10-101 MCA had but three
days, upon receiving notice, to file a disqualifying
affidavit.  Any attempt to disqualify a district judge after
that statutory time has elapsed is a nullity and does not
have the effect of depriving the district judge of juris-
diction.  State ex rel. Leavitt v. District Court. (1977),
_____ Mont. _____, 560 P.2d 517, 34 St.Rep. 65; Stefonick
v. District Court (1945), 117 Mont. 86, 157 P.2d 96.  The
right of disqualification, once lost, cannot be revived.
Leavitt, supra.

-5-

Accordingly, relator's application for supervisory control or other appropriate writ is denied.

DATED this 14th day of February, 1979.

_____
                Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
            Justices

-6-