No. 88-532

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

ZEKE'S DISTRIBUTING COMPANY,

        Plaintiff and Appellant,

  -vs-

BROWN-FORMAN CORPORATION,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Charles A. Smith, Helena, Montana
        Robert T. Cummins, Helena, Montana

    For Respondent:

        Stuart L. Kellner; Hughes, Kellner, Sullivan & Alke,
        Helena, Montana

---

Submitted on Briefs:  Aug. 3, 1989

Decided:    September 21, 1989

Filed:

---

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This appeal involves a motion for new trial in an action for breach of contract and the implied covenant of good faith and fair dealing. Plaintiff Zeke's Distributing Company (Zeke's) appeals the ruling of the District Court of the First Judicial District, Lewis and Clark County, granting defendant Brown-Forman Corporation's (Brown-Forman) motion for new trial. The District Court granted the motion on the grounds that the court erred in receiving over Brown-Forman's proper objection certain exhibits and testimony prejudicial to Brown-Forman's case. We affirm.

Plaintiff Zeke's frames two issues for determination on appeal. First, did the District Court abuse its discretion in setting aside a jury verdict and ordering a new trial because of alleged prejudicial error committed in allowing certain evidence to be admitted. And alternatively, if this Court upholds the District Court's Order Granting New Trial, did the District Court err in refusing to allow Zeke's to present evidence of projected lost profits as part of the tort element of damages. Defendant Brown-Forman also raises an issue for appeal: Did the District Court err in denying Brown-Forman's motions for directed verdicts and judgment notwithstanding the verdict with respect to the issues of its breach of the implied covenant of good faith and its liability for punitive damages?

Zeke's, a Montana corporation, is a beer and wine distributor licensed by the State of Montana to sell and distribute beer and wine to retail outlets in the Helena area. Brown-Forman is a national distributor of alcohol and distilled spirits doing business in the State of Montana. Pursuant to a written agreement entered April 20, 1984, and

assigned to Brown-Forman by a California corporation called "California Cooler," Zeke's was granted an exclusive distributorship of California Cooler beverages throughout Lewis and Clark, Broadwater, the southeast half of Powell, and the northern half of Jefferson counties. The agreement was terminable by either party with or without cause on thirty days' written notice.

Brown-Forman terminated the agreement by letter on February 13, 1987. Zeke's protested the termination in a letter dated February 17, 1987, setting forth the difficulties that would be caused by the termination and stating that the matter would be turned over to Zeke's attorney. By letter of February 26, 1987, Leon R. Timmons, Brown-Forman's assistant secretary and senior attorney, requested Zeke's to direct all future correspondence concerning the distributorship to him. No other response was ever made to Zeke's initial protest letter. On March 27, 1987, Timmons wrote a letter instructing Zeke's to "disregard" the termination letter and advising Zeke's the termination would be effective on October 1, 1987. This advise was given at a time when Timmons believed that 1) Zeke's did not have a written contract of distributorship, 2) the verbal contract was non-exclusive, and 3) Montana law required reasonable notice before termination of a non-written contract for distributorship. Timmons' belief was incorrect as to the first two factual premises. Zeke's did not inquire further into its status after the letter of March 27 and Brown-Forman supplied no further information on the matter.

On February 12, 1987, four days before receipt of the original notice of termination by Zeke's, Brown-Forman wrote Clausen's Distributing Company of Helena (Clausen's) a letter making continuation of Clausen's distributorship of

Brown-Forman's other products contingent on its acceptance of a California Cooler distributorship. Between March and October of 1987, Brown-Forman supplied California Cooler to both Zeke's and Clausen's on a non-exclusive basis. During this time Brown-Forman ceased supplying Zeke's with the sales "backup" it previously had supplied while supplying Clausen's with this backup. After April 16, 1987, Zeke's made no further orders for California Cooler from Brown-Forman.

Zeke's filed suit against Brown-Forman and Clausen's in the District Court of the First Judicial District on June 30, 1987. The District Court dismissed Clausen's as a defendant and Zeke's subsequently amended its complaint to allege three causes of action against Brown-Forman: 1) breach of contract, 2) breach of the implied covenant of good faith and fair dealing, and 3) a cause of action for punitive damages based on willful breach, fraud, malice, and oppression. During trial and over Brown-Forman's objection Zeke's introduced plaintiff's exhibit #21, the letter to Clausen's requiring Clausen's to distribute California Cooler or possibly lose its distributorship of other Brown-Forman products. Brown-Forman also objected to the admissibility of testimony elicited from its agent Timmons on cross-examination concerning other lawsuits arising from Brown-Forman's efforts to consolidate its distributorships. After trial, a jury awarded Zeke's $8,623.70 in compensatory damages and $143,000 in punitive damages. Brown-Forman moved the District Court for a new trial. The District Court granted Brown-Forman's motion and Zeke's now appeals that order.

Zeke's first contention on appeal is that the District Court abused its discretion by granting Brown-Forman a new trial on the grounds that the admission of exhibit #21 and the testimony of Timmons concerning other lawsuits were

4

irrelevant and prejudicial to Brown-Forman's case. Relevant evidence is evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 401, M.R.Evid. Evidence which is not relevant is not admissible. Rule 402, M.R.Evid. The court ruled and the jury was properly instructed (Instruction 9) that Brown-Forman properly terminated the written distributor agreement upon 30 days notice. The only contract existing between the parties was an implied contract based on the letter. Thus, there were no issues to be determined arising out of the termination of the written agreement or any implied obligation attendant to it. (Instruction 9.) The only contract existing between the parties was an implied contract based on Timmons' letter of March 27, 1987, instructing Zeke's to disregard the termination notice given earlier and extending Zeke's distributorship until October 1, 1987. Exhibit #21 only relates to the existence of a contractual relationship between Clausen's and Brown-Forman, it did not tend to make more or less probable the existence of an implied contract between Zeke's and Brown-Forman. Nor does evidence of other lawsuits against Brown-Forman tend to make the existence of an implied contract between the parties more or less probable.

Further, there were factual issues at trial as to whether the implied contract between the parties gave Zeke's an exclusive or non-exclusive distributorship, and based on this determination, whether Brown-Forman breached the implied contract. It is clear that evidence of other lawsuits is not relevant toward these issues. Exhibit #21, the February 12 letter to Clausen's, was written prior to Timmons' "disregard" letter of March 27, at a time when Brown-Forman was in the process of lawfully terminating the written

5

agreement. At the time, the implied contract on which Zeke's case is based did not exist. If the letter is relevant toward breach of this contract, it tends to establish that Brown-Forman intended that the implied contract with Zeke's be non-exclusive, because Brown-Forman was already employing Clausen's as a distributor. More importantly, the letter also tends to show the aggressive or "heavy-handed" tactics Brown-Forman used in consolidating its distributorships. However, the nature of these tactics is not only irrelevant toward breach of the implied contract between Zeke's and Brown-Forman, it is also highly prejudicial to Brown-Forman's case. Thus, while the letter may have been relevant regarding non-exclusivity and materially favorable to Brown-Forman, introduction of the letter by Zeke's clearly prejudiced Brown-Forman. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Rule 403, M.R.Evid. This determination of admissibility is within the discretion of the trial judge and will not be disturbed unless there is manifest abuse of discretion. Welnel v. Hall (1985), 215 Mont. 78, 694 P.2d 1346, Kimes v. Herrin (1985), 217 Mont. 330, 705 P.2d 108, Dahlin v. Holmquist, (Mont. 1988), 766 P.2d 239, 46 St.Rep. 2127. The trial judge did not abuse his discretion by granting a new trial on the grounds that admission of this evidence prejudiced Brown-Forman.

Zeke's also argues that the evidence is relevant toward the issue of good faith and fair dealing. Prior to the introduction of evidence concerning other lawsuits involving Brown-Forman on cross-examination of Timmons, the court had properly sustained objections by Brown-Forman that this evidence was irrelevant toward the issue of good faith and fair dealing. The court correctly noted that while the

testimony tended to establish Brown-Forman's policy of consolidating distribution of its products, the testimony did not establish whether the other terminations were made in good faith or bad faith and thus were not relevant to that issue. The court should have sustained a similar objection to this testimony when it was elicited from Timmons on cross-examination.

Zeke's also argues that exhibit #21 is relevant toward the issue of good faith and fair dealing because its effect was to coerce Clausen's into accepting a California Cooler distributorship at a time when Brown-Forman had an exclusive agreement with Zeke's. There is no other evidence in the record which tends to demonstrate bad faith on the part of Brown-Forman. Moreover, the exhibit tends to establish possible misbehavior by Brown-Forman toward Clausen's rather than demonstrating such misbehavior toward Zeke's. Even if exhibit #21 has some attenuated relevance toward breach of the implied covenant of good faith and fair dealing, the letter should have been excluded because it was prejudicial to Brown-Forman's case. Zeke's argues that admission of this evidence constituted harmless error and thus granting a new trial based on its admission was an abuse of discretion. For error to be the basis for a new trial, it must be so significant as to materially affect the substantial rights of the complaining party. Rule 61, M.R.Civ.P., Giles v. Flint Valley Forest Products (1979), 179 Mont. 382, 588 P.2d 535. Considering the result arrived at by the jury in this case, the error cannot be characterized as harmless; admitting the evidence clearly was prejudicial and misleading and materially affected the substantial rights of Brown-Forman to a fair trial.

The decision to grant a new trial is within the sound discretion of the trial court, and will not be overturned

7

absent a showing of manifest abuse of discretion. Tope v. Taylor (Mont. 1988) 768 P.2d 845, 45 St.Rep. 2242; Walter v. Evans Products Co. (1983), 207 Mont. 26, 672 P.2d 613; Giles, 588 P.2d 535. Upon Brown-Forman's motion for new trial, it was within the District Court's discretion to determine if the probative value of the evidence was outweighed by the prejudice to Brown-Forman. We find no abuse of discretion.

Zeke's second contention is that the trial court erred in refusing to allow evidence of lost profits as part of the tort element of damages. As part of its damages claimed for Brown-Forman's alleged breach of the implied covenant of good faith and fair dealing, Zeke's offered to prove damages for lost profits beyond the period ending September 30, 1987, the extension date of the contract. Pursuant to Brown-Forman's motion in limine, granted prior to trial, the District Court excluded this evidence and gave the jury the usual instruction for tort damage, limiting Zeke's lost profits to the extension period of the contract. Zeke's relies on this Court's decision in State Bank of Townsend v. Maryann's, Inc. (1983), 204 Mont. 21, 664 P.2d 295. In that case Maryann's claimed that the bank's negligent misrepresentation with respect to a loan made to Maryann's prevented it from continuing to operate a store it reasonably could have expected to operate into the future. This Court held that the trial court had not erred in admitting evidence of future lost profits. However, the present case is distinguishable on its facts. Under the implied contract arising out of the March 27 letter, Zeke's distribution of California Cooler was expressly limited to the period ending September 30, 1987. This limitation not only applied to Zeke's compensatory damages for breach of contract, it also applied to compensatory damages for breach of the implied covenant of good faith and fair dealing. Thiel v. Johnson (1985), 219

8

Mont. 271, 711 P.2d 829. Zeke's could not reasonably expect to distribute California Cooler beyond the extension date, thus the District Court did not err in limiting Zeke's proof of future lost profits based on breach of the implied covenant to the extension period of the contract.

Finally, we address the issue raised by Brown-Forman in its appeal: Did the District Court err in denying Brown-Forman's motions for directed verdicts and judgment notwithstanding the verdict with respect to the issues of its breach of the implied covenant of good faith and fair dealing and its liability for punitive damages? The implied covenant of good faith and fair dealing is based on the "reasonable expectations" of the parties that the other will not act "arbitrarily, capriciously, or unreasonably." Nicholson v. United Pacific Ins. Co. (1985), 219 Mont. 32, 710 P.2d 1342. Under the statute applicable when this cause of action arose, punitive damages can be awarded in a tort action for breach of the implied covenant of good faith and fair dealing only if the breach amounts to oppression, malice, or fraud. Section 27-1-221, MCA (1985). Brown-Forman argues that there was not enough evidence of malice to submit the issue of punitive damages for breach of the implied covenant to the jury, thus the District Court erred by denying its motions for directed verdict and judgment notwithstanding the verdict on this issue. We need not determine the sufficiency of the evidence to support the jury's verdict in this case. A grant of a new trial by the trial court is a re-examination of issues of fact, § 25-11-101 MCA; it must be commenced fresh or anew. Town Pump v. Dist. Ct. (1979), 180 Mont. 358, 590 P.2d 1126; Waite v. Waite (1964), 143 Mont. 248, 389 P.2d 181. In as much as the case will be retried de novo, Brown-Forman will have an opportunity to raise the issue of

9

the sufficiency of the evidence supporting punitive damages at the appropriate time.

We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices