No. 83-477

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

PAUL AND BERNICE M. WILHEIM,
husband and wife,

                Plaintiffs and Respondents,

  -vs-

CITY OF GREAT FALLS, STATE OF
MONTANA, et al.

                Defendants and Appellants.

_____


APPEAL FROM:  District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable John McCarvel, Judge presiding.


COUNSEL OF RECORD:

    For Appellants:

        James, Gray & McCafferty; Dennis McCafferty argued,
        Great Falls, Montana


    For Respondents:

        Cannon and Sheehy; Edmond Sheehy argued, Helena,
        Montana


                        Submitted:   June 8, 1984

                         Decided:   August 6, 1984


Filed:    AUG  - 1984

_____
                         Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case arises as an appeal from an order of the Eighth Judicial District Court, Cascade County, granting respondents' motion for a new trial following a jury verdict in a nuisance action. The jury returned a verdict finding respondents ninety percent comparatively negligent for damages and appellants ten percent negligent. The court determined that insufficient evidence existed to support the jury's verdict and that it was contrary to law. We affirm.

The facts giving rise to this case are set forth as follows: the City of Great Falls has operated a city dump continuously in the same location since the 1950's. Before 1969, appellants openly burned garbage at the dump site. In 1973, respondents purchased property located on the Missouri River about one mile east of the dump site. Respondents then spent about $125,000 to build a home on the property. They visited the property a few times prior to the purchase.

Respondents acknowledged, at the time of the purchase, that they were aware the City operated the dump about one mile from their property. At the time of the purchase the City operated a garbage shredder that apparently reduced blowing litter problems. Respondents testified prior to 1977 they neither noticed nor suffered any problems caused by the dump. Only once, prior to 1977, did they observe any litter blown onto their property.

In 1977 the City employees operating the dump went on strike. During the strike, someone set fire to the dump. This fire burned a considerable portion of the dump and created great amounts of smoke and stench. The fire

triggered many subterranean fires that continued to burn for the following two years. Respondents' home, located downwind from the dump, suffered damages due to the smoke.

Following the strike, the City quit operating the garbage shredder. Litter began to blow onto respondents' property. For the two years the subterranean fires burned, the City tried many methods to control the fires. The City finally extinguished the fires by digging up the debris and hosing it down. This process also caused smoke to travel over respondents' property.

Respondents presented evidence that in 1981 their well water became contaminated. They contended in the spring the runoff of water from the dump caused contamination to the groundwater on their property. They contended this problem never occurred prior to that time. Appellants submitted evidence that the well water contamination could have been caused by respondents' septic system.

Respondents also presented evidence that the City deposited sewage sludge at the dump site. Respondents complained of times when the City failed to cover the sludge, thereby creating a stench.

In a pretrial order, the court granted respondents' motion in limine to preclude any assumption of the risk instructions to the jury. The court reasoned that the jury could only decide the matter on a comparative negligence basis. The court permitted appellant to argue assumption of the risk as a basis for respondents' portion of the negligence that caused the damages.

The jury returned a verdict on the nuisance action that found respondents ninety percent negligent and

appellants ten percent negligent and awarded respondents $30,000 in damages. The jury also returned a verdict finding no inverse condemnation by the appellant. The court then ordered a new trial, for a finding that the facts failed to support the verdict and that it was contrary to law.

Appellants raise two issues on appeal:

(1) Did the District Court err in granting respondents' motion for a new trial?

(2) Should the case be remanded to the District Court for the taxing of costs?

Appellants first argue that the facts clearly provide a basis for the jury's determination that respondents were ninety percent contributorily negligent. Appellants claim the jury simply found that appellants were negligent by building their house near the city dump and could expect the problems that occurred. We disagree. In the instant case, we believe the court properly ordered a new trial. We find no abuse of discretion on the part of the trial judge in ordering a new trial.

This Court will not disturb a trial court's ruling regarding motions for a new trial in the absence of a showing of an abuse of discretion. Brothers v. Town of Virginia City (1976), 171 Mont. 352, 558 P.2d 464. "A District Court has broad authority to grant or deny motions for a new trial." Lyndes v. Scofield (1979), 180 Mont. 177, 589 P.2d 1000; Brothers, supra. If there exists substantial evidence to support the jury's verdict, then it must be sustained. Lyndes, supra; Brothers, supra.

In the present case we hold that the District Court

did not abuse its discretion in ordering a new trial. The evidence does not support the jury verdict which found the respondents ninety percent negligent. The jury found appellants were the proximate cause of the nuisance which included stench from uncovered sewage, smoke from fires at the dump, unconfined litter and ground water contamination.

Appellants argue that respondents acted negligently in locating their house one mile from the dump. Because the parties failed to raise the issue on appeal, we will not consider the theories of assumption of risk or coming to the nuisance.

We need not deal with appellants' second issue because it was contingent upon reversal of the trial court.

We affirm the order of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

-5-

_____
Justices

_____
Honorable Robert M. Holter,
District Judge, sitting in
place of Mr. Justice John C.
Sheehy.