No. 84-359

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

RONALD L. WELNEL,

        Plaintiff and Respondent,

-vs-

WOODROW WILSON HALL,

        Defendant and Appellant.

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Landoe, Brown, Planalp, Kommers & Lineberger;
        Gene I. Brown, Bozeman, Montana

    For Respondent:

        Lynaugh, Fitzgerald & Hingle; William P. Fitzgerald,
        Billings, Montana

Submitted on Briefs: Nov. 20, 1984

Decided: February 7, 1985

Filed: FEB 1985

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Defendant appeals from a judgment of the District Court of the Seventh Judicial District, Richland County, after jury trial, finding the defendant 100% negligent in causing injuries to the plaintiff. We affirm.

Plaintiff, Welnel, was injured when his motorcycle collided with a car driven by defendant, Hall, at 5:30 p.m. on July 11, 1980, in Sidney, Montana. Hall approached an intersection from the north and began making a left turn in front of oncoming traffic. Welnel approached the intersection from the south and struck the front passenger side of Hall's car after Welnel had attempted to avoid the collision.

Loren Young had turned onto the street just in front of Welnel prior to the accident. This was about three and one-half to four blocks before the intersection where the accident occurred. His wife, Jacqueline Young, was a passenger in his pickup. This was across the street from the Michelin Tire Store. Loren Young testified that as they accelerated slowly, Welnel passed them in a normal fashion and took a position in front of them. The speed limit decreases at this point from thirty-five to twenty-five miles per hour. Welnel was about ninety feet ahead of them and maintained that distance as they drove north. Jacqueline Young also testified that Welnel passed them in a very normal way and when he took a position in front of them he was about a quarter of a block ahead and they stayed the same distance apart down the street. Welnel testified he was down-shifing and bringing his speed down to the limit at about the twenty-five mile an hour sign (by the Michelin store). He also testified that down-shifting causes the engine to rev up.

Welnel was a big man with hair shorter than counsel for plaintiff's hair (a point of reference at trial) and riding a

2

large, one-of-a-kind, distinctively colored Harley-Davidson motorcycle. He testified that he was wearing a flannel shirt, cut off at the sleeves, at the time of the accident and that he was not wearing a jacket.

Hall attempted to introduce the testimony of John Herberg, owner of the Michelin dealership, to impeach the testimony of Welnel and the Youngs. Herberg would have testified that he was outside locking the door of his store between five and five-thirty or possibly as late as five to six on the day of the accident. He saw a motorcycle go by in excess of forty or fifty miles per hour and still accelerating. The rider was dark complected with bushy hair longer than counsel for plaintiff's hair and wearing a black leather jacket. The motorcycle was a black Harley-Davidson. He observed the motorcycle for about three seconds over a distance of about a hundred yards. He would also have testified that he could not positively identify Welnel as the rider and that he may not have noticed other motorcycles while he was outside his store. He did not note the size of the driver or the motorcycle.

The sole issue on appeal is whether the trial court improperly excluded Herberg's testimony when it was offered to impeach the competence and veracity of plaintiff's witnesses. Since the specific accounts of what occurred at the accident scene and the extent of Welnel's injuries have no bearing on this issue, they will not be discussed.

There is no question that Herberg's testimony was too remote from the scene of the accident to be relevant to the disputed issues at trial. His testimony would be relevant if it in fact impeached evidence offered by plaintiff since Rule 401 M.R.Evid. defines relevant evidence to include that offered for impeachment purposes. However, even relevant evidence may be excluded if its probative value is

substantially outweighed by a danger of prejudice, confusion of issues, or misleading of the jury, Rule 403 M.R.Evid. This determination of admissibility is within the discretion of the trial judge (State v. Rollins (1967), 149 Mont. 481, 428 P.2d 962) 462 and will not be disturbed unless there is manifest abuse (Gunderson v. Brewster (1970), 154 Mont. 405, 466 P.2d 589).

The trial judge did not abuse his discretion in ruling Herberg's testimony inadmissible. The probative value was minimal in that he could not positively identify Welnel as the operator of the motorcycle he saw; his view occurred 300 yards before the accident scene; the time frame was unclear; and there was the possibility that other motorcycles could have gone past unobserved by him. The judge noted the possible prejudicial effect by stating that it might be considered as prior negligence of Welnel. Counsel for plaintiff also pointed out the possible prejudicial effect of characterizing the driver as a stereotypical biker traveling at a high rate of speed. Thus, assuming the offered testimony was sufficient to contradict testimony offered by Welnel, its prejudicial effect would have outweighed its minimal probative value.

Herberg's testimony was also properly excluded because it lacked a sufficient foundation. Evidence relevant to a particular purpose may be excluded in the court's discretion where no proper foundation has been established. Rule 104(b), M.R.Evid. and Nelson v. Hartman (Mont. 1982), 648 P.2d 1176, 39 St.Rep. 1409. There are insufficient facts connecting the motorcyclist Herberg saw with Welnel. Herberg's description of both the driver and the motorcycle vary compared to Welnel's appearance and his motorcycle at the time of the accident. Appellant did not establish similarities between Herberg's motorcyclist and Welnel through

4

the descriptions given by Loren Young, Jacqueline Young, investigating Officer Dopp or Welnel himself. Herberg's estimation of the time he observed the northbound motorcyclist was also vague.

The trial judge made his decision after considering all pertinent factors and absent abuse that decision will not be overturned on appeal. We therefore hold that Herberg's testimony was properly excluded because the prejudicial effect of the testimony outweighed any probative value and the testimony lacked sufficient foundation.

The judgment is affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

5