No. 85-417

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

PAUL and BERNICE M. WILHELM,

        Plaintiffs and Appellants,

  -vs-

CITY OF GREAT FALLS,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Cannon & Sheehy; Helena, Montana

    For Respondent:

        James, Gray, McCafferty; Robert F. James, Great Falls,
Montana

---

Submitted on Briefs: July 24, 1986

Decided:   February 4, 1987

Filed: **FEB 4 - 1987**

*Ethel M. Harrison*

---
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Paul and Bernice Wilhelm, plaintiffs below, appeal a Cascade County jury verdict, and the judgment entered thereon, finding that the defendant City of Great Falls (the City) was not negligent in this nuisance action. The issues on appeal are:

(1) whether the District Court erred in reversing its grant of partial summary judgment in appellants' favor;

(2) whether the District Court erred in denying appellants' motion for a directed verdict on the issue of comparative negligence;

(3) whether the District Court properly instructed the jury;

(4) whether substantial evidence supports the jury's verdict;

(5) whether the District Court erred in denying appellants' motion for new trial. We affirm.

We take the following summary of facts from Wilhelm v. City of Great Falls (Mont. 1984), 685 P.2d 350, 41 St.Rep. 1471; a previous appeal in this case.

> [T]he City of Great Falls has operated a city dump continuously in the same location since the 1950's. Before 1969, [the City] openly burned garbage at the dump site. In 1973, [Wilhelms] purchased property located on the Missouri River about one mile east of the dump site. [Wilhelms] then spent about $125,000 to build a home on the property. They visited the property a few times prior to the purchase.
>
> [Wilhelms] acknowledged, at the time of the purchase, that they were aware the City operated the dump about one mile from their property. At the time of the purchase the City operated a garbage

2

shredder that apparently reduced blowing litter problems.

. . .

In 1977 the City employees operating the dump went on strike. During the strike, someone set fire to the dump. This fire burned a considerable portion of the dump and created great amounts of smoke and stench. The fire triggered many subterranean fires that continued to burn for the following two years. [Wilhelms'] home . . . suffered damages due to smoke.

Following the strike, the City quit operating the garbage shredder. Litter began to blow onto [Wilhelms'] property. For the two years the subterranean fires burned, the City tried many methods to control the fires. The City finally extinguished the fires by digging up the debris and hosing it down.

. . .

[Wilhelms] presented evidence that in 1981 their well water became contaminated. They contended in the spring the runoff of water from the dump caused contamination to the groundwater on their property . . .

[Wilhelms] also presented evidence that the City deposited sewage sludge at the dump site. [Wilhelms] complained of times when the City failed to cover the sludge, thereby creating a stench.

In August 1979, the appellants filed a complaint alleging that they had suffered substantial damages as a result of the improper operation of the dump. Appellants complained mainly about smoke damage and blowing litter.

In January 1980, the Cascade County District Court granted appellants' motion for summary judgment on the issue of the defendant's liability. In May 1981, the court reversed its order granting partial summary judgment and ordered that the case proceed to trial on the issues of

3

liability and damages. In May 1983, following a jury trial, the jury returned a verdict finding appellants 90% negligent and the City 10% negligent. The District Court ordered a new trial finding that the facts failed to support the verdict and that the verdict was contrary to law. The City appealed and in Wilhelm I we found that the District Court did not abuse its discretion in ordering a new trial and that the evidence did not support the jury verdict that appellants were 90% negligent.

The District Court scheduled a new trial for February 1985. The parties filed a pre-trial order which superseded all pleadings previously filed. In that order, appellants claimed they suffered property damage due to smoke from fires at the landfill, litter damage from blowing debris, and contamination of their well and underground springs. Appellants further claimed that they suffered physical and emotional damages from the smoke, contaminated water and odor from the landfill. The court held the new trial from February 19 - 27, 1985. On February 27, 1985, the jury returned its verdict, pursuant to a special verdict form, finding: (1) the Great Falls Sanitary Landfill did constitute a nuisance at some, unspecified time after July 1, 1977; and (2) at no time was the nuisance caused by negligence on the part of the City. Pursuant to the jury's verdict, the court entered judgment for the City. This appeal followed.

The first issue is whether the District Court erred, prior to the first trial, in reversing its order granting summary judgment to appellants on the issue of liability. In June 1983, following the first trial, the District Court entered judgment in favor of the City and against the

4

appellants. Thereafter, the court granted appellants' motion for a new trial. The City appealed that ruling but appellants did not appeal, at that time, the order reversing the grant of summary judgment which was appealable. Although the order was interlocutory when made, "nonappealable intermediate orders are reviewable on appeal" from a final judgment. Riley v. Carl (Mont. 1981), 622 P.2d 228, 230, 38 St.Rep. 83, 85.

Rule 2 of the Montana Rules of Appellate Procedure provides:

> Upon appeal from a judgment, the court may review the verdict or decision, and any intermediate order or decision excepted or objected to within the meaning of Rule 46 of the Montana Rules of Civil Procedure, which involves the merits, or necessarily affects the judgment, except a decision or order from which an appeal might have been taken. (Emphasis added.)

Pursuant to Rule 2, we decline to address the merits of the first issue and hold that appellants have waived their right to appeal this issue by failing to raise it in a timely manner.

The second issue is whether the District Court erred in denying appellants' motion for a directed verdict on the issue of comparative negligence. The City contended that appellants were contributorially negligent in constructing their residence close to the dump when they knew, or should have known, that the conditions resulting from a landfill operation could affect the value of their property. The appellants state that they moved for a directed verdict on the contributory negligence issue at the close of both their case-in-chief and the City's case-in-chief. The transcript

5

provided to this Court on appeal does not reflect that the motions were made, what the court ruled and why the court ruled as appellants contend it did. However, the City, by addressing this issue on appeal, implicitly concedes that such motions were made and denied. Therefore, we find it appropriate to address this issue.

Appellants contend that contributory negligence is not a defense in a nuisance action. Montana has apparently never decided that question. However,

> [M]ost courts hold that where a nuisance has its origin in negligence, as distinguished from an absolute nuisance, contributory negligence is a defense, and in jurisdictions in which it is recognized, the doctrine of comparative negligence may be applied.

58 Am.Jur.2d Nuisances, § 221, p. 825 (1971); citing among others, Copart Industries, Inc. v. Consolidated Edison Co. (N.Y. 1977), 362 N.E.2d 968. Here, appellants' claim that the nuisance has its origins in negligence. Where such is the claim, we agree with the above cited authorities and hold that contributory negligence can be a defense in a nuisance action.

When deciding a motion for directed verdict, the trial court must view the evidence in a light most favorable to the party opposing the motion. Mydlarz v. Palmer/Duncan Const. Co. (Mont. 1984), 682 P.2d 695, 41 St.Rep. 738. "No case should be withdrawn from the jury if reasonable men may differ as to the conclusions drawn from the evidence." Mydlarz, 682 P.2d at 705.

One of appellants' contentions was that their well water was contaminated by drainage from the landfill. There was expert testimony that this was extremely unlikely.

6

Moreover, Richard Rosa, a licensed civil engineer working for the Water Quality Bureau of the Department of Health and Environmental Sciences, testified that the top end of appellants' well casing terminates below the ground thereby creating a possible contamination problem. Robert Gillespie, a geological engineer, elaborated on this possibility. He testified that if well casing ends below a runoff point, animal waste or other contaminants could be washed into the well. In this regard, Gillespie also stated that he knew the appellants had pets. He stated that appellants' problem could be a classic case of well contamination from an improperly sealed well. This evidence, in a light most favorable to the City, could support a conclusion that the appellants were contributorially negligent in the contamination of their well.

Further evidence tended to show contributory negligence. Appellants' counsel asked Lou Fontana, a Cascade County civil engineer, if he would say that appellants were negligent in putting their house there. Fontana replied, "You bet. I wouldn't build a house there." Along this line, Duane Robertson, the Chief of the Solid and Hazardous Waste Bureau of the Department of Health and Environmental Sciences, stated that he probably would not have built a $125,000 house where the appellants did. We find that the court properly denied the motion for a directed verdict as to contributory negligence. Finally, we also note that the jury did not reach the issue of contributory negligence under the special verdict form.

Under the third issue, appellants contend that the lower court made numerous instructional errors. We address

7

only those objections appellants raised before the District Court. Appellants first attack the court's instruction number 2 which basically told the jury that (1) a witness may be discredited or impeached by contradictory evidence or prior inconsistent statements, and (2) if a witness knowingly testified falsely, the jury could distrust or reject that witness' testimony. Appellants objected that the instruction was an incorrect statement of law because it did not instruct the jury that prior inconsistent statements could be used as substantive evidence. The court gave the jury another instruction that prior inconsistent statements could be used as substantive evidence. Therefore, there was no error under this instruction.

Appellants object to the court's instruction number 11 which quoted § 75-10-204, MCA, concerning the powers and duties of the Department of Health and Environmental Sciences. The instruction states, in part, that the department may adopt rules governing certain aspects of solid waste management systems. The City's compliance with those rules was an issue before the jury and we find no error in this instruction.

Appellants' challenge to the court's instruction number 12 is the most troublesome. In part, that instruction states that there is no evidence that the City violated any administrative regulations prohibiting open burning. In a preliminary discussion of the proposed instructions, the appellants made a specific objection to this charge. At the end of this preliminary discussion, the court stated:

> We'll reconvene at 8:30 tomorrow morning, and at that time, I will have an order of these instructions, and I will read that.

8

> If you have any other objections or
> arguments that you want to make, you can
> do so during that one hour of time we
> have between 8:30 and 9:30.
>
> . . .
>
> I guess what I am saying is that if I
> denied [an] instruction that you are
> particularly offended by or if I grant
> one that really offends you, then that
> would be the time to raise the argument.
> (Emphasis added.)

The District Court was following the provisions of Rule 51,
M.R.Civ.P., which states:

> [T]he court shall rule upon the proposed
> instructions . . . and shall submit to
> the parties the instructions that will be
> given and provide opportunity to make
> objections.

The following day the court advised counsel of the
instructions to be given. At that time, appellants' counsel
did not object to the court's instruction number 12 and, in
fact, seemed to accept that instruction. Appellants' counsel
stated that he would stand on his previous objections to the
rest of the instructions, ". . . understanding what the Court
had to say about the air quality rules, we can still argue
about the fires . . . " We hold that counsel did not
properly object to this instruction and, therefore, there was
no error in giving the charge.

Appellants objected to the court's instructions 20, 21,
and 22 as not correct statements of law and because
appellants' proposed instructions allegedly covered the
issues better.

> Objection to an instruction that it is an
> incorrect statement of the law without
> specifying the defect has long been
> considered an insufficient objection and
> we will not review the alleged error

> occasioned by the giving of an allegedly
> incorrect instruction.

Nott v. Booke (Mont. 1981), 633 P.2d 678, 680, 38 St.Rep. 1507, 1510. That rule applies here.

Appellants also objected to the court's instructions numbers 15, 29, 30, and 36. They argued that appellants' proposed instructions covered the issues better. Appellants interposed no other objection. We find no need to set out the challenged instructions. The objections were extremely general in nature and did not advise the District Court of any specific defect in the instructions. Therefore, given that the only alleged defect was that other instructions covered the issues better, we hold that the court did not commit error in giving these challenged charges.

Appellants objected to instruction number 27 which primarily stated:

> [i]f weaker and less satisfactory evidence is offered, when it appears that stronger and more satisfactory could have been produced, the evidence offered should be viewed with distrust.

Section 26-1-303, MCA, advises a district court to give this instruction on "all proper occasions." Appellants argued that the instruction had no application to this case because each side had allegedly produced all the evidence that it could. Appellants contend that the instruction was unnecessary but, significantly, they do not argue that, nor show how, this instruction was prejudicial to them. Our review of the record does not demonstrate that this instruction in any way prejudiced appellants. Thus, even if this instruction was erroneous we would not reverse the verdict. Rule 61, M.R.Civ.P.

Appellants objected to instruction number 28 which stated, "A person confronted with a sudden emergency is required only to act as a reasonably prudent person under those circumstances." First, we note that in Simonson v. White (Mont. 1986), 713 P.2d 983, 43 St.Rep. 133, this Court specifically banned the use of the sudden emergency instruction in automobile accident cases. The Simonson "ban" was limited to automobile accident cases and this Court did not reach the issue of whether the sudden emergency instruction might be proper in other negligence cases. We do not reach that issue today either. Appellants did not object to the instruction on the basis that a sudden emergency rule might not be appropriate in a negligence case. Appellants' only objection was that there was no evidence in the case of any sudden emergency. We disagree with that assertion. Witnesses testified that in 1980 a 100 year storm (a storm so unusually severe that it occurs, on the average, once every 100 years) exacerbated the problem of blowing litter. That storm knocked down all of the City's fences which had been erected in an attempt to solve the problem of blowing litter. Moreover, the City introduced evidence that arson was the cause of the sizeable fire which caused smoke damage to appellants' property. Those incidents justified an instruction on the sudden emergency rule.

Lastly, the appellants objected to instruction number 29, which stated:

> The defendants are not liable for injury caused by a dangerous condition at the landfill if the defendants establish that the act or omission that created the dangerous condition was reasonable.

> In determining whether the act or omission which created a dangerous condition was reasonable, you shall weigh the probability and gravity of potential injury to persons and property the defendants should have foreseen might be injured by the condition against the practicability and cost of having taken alternative action that would not have created the risk of injury or would have protected against it.

Appellants argued at trial that (1) the instruction was not a correct statement of law, (2) the City could not argue that the landfill was a dangerous condition, and (3) the instruction assumes a landfill is a dangerous condition. We will not consider appellants' first complaint because of its lack of specificity. As to the third complaint, we do not find that the instruction assumes that a landfill is a dangerous condition. As to the second complaint, we find that it was proper for the City to argue that the landfill was a dangerous condition. The City introduced evidence that subterranean fires, which burned at the dump for about two years, were very dangerous. The fires were especially dangerous to fight because they burned garbage buried underground, thereby making the surface unstable and allowing machinery or people to fall through the surface and into the fires. As against the objections raised, the court did not err in giving this instruction.

The fourth issue is whether substantial evidence supports the jury's verdict. "The appellate rule of review is that if substantial evidence in the record supports a jury verdict, it must be sustained." Gibson v. Western Fire Ins. Co. (Mont. 1984), 682 P.2d 725, 736, 41 St.Rep. 1048, 1058. We have examined the 995 page partial transcript provided to us on appeal and many of the almost 100 exhibits. We find

12

that there is substantial evidence to support the jury's verdict. Some of that evidence has been cited in other contexts previously in this decision. Other evidence showed (1) that the City made extensive and varied efforts for a sustained period to extinguish the subterranean fires, (2) the initial fire was almost certainly caused by arson, (3) the City made continuous and determined efforts to stop the problem of blowing litter, (4) the problem of blowing litter stemmed partially from private persons dumping garbage along the roadway leading to the landfill, and (5) the landfill was almost certainly not the source of the contamination of appellants' well. We find no error under this issue.

The last issue is whether the lower court erred in denying appellants' motion for a new trial. "This Court will not disturb a trial court's ruling regarding motions for a new trial in the absence of a showing of an abuse of discretion." Wilhelm, 685 P.2d at 351. Appellants argue that the jury's verdict (that the landfill was a nuisance but that the City was not negligent) is contrary to the law as contained in the jury instructions. Therefore, they contend, the court abused its discretion in failing to grant a new trial.

Appellants contend the verdict was contrary to instructions 14 and 21. Instruction 14 states:

> You are instructed that because the City of Great Falls operates its sanitary landfill under the provisions of the Solid Waste Management Act of the State of Montana and has a license for the oepration [sic] of the same, you may not conclude that the landfill is a nuisance unless you find that the City of Great Falls is operating its landfill in such a negligent manner that it interferes with

13

plaintiffs' comfortable enjoyment of their life and their property.

Instruction 21 states:

You are instructed that the defendants have been authorized by statute to do certain things and their acts are lawful as long as they act within the scope of the letter and spirit of the authority granted. Therefore, in order to predicate a nuisance against them, it must be proven that the act done was wholly unauthorized or that it was negligently done. In either case, liability for the consequences exists in all grants of authority to do an act which may or may not be productive of injury to others accordingly as it is executed. The law presumes that it shall be done in such a manner as to be productive of the least possible injury and if not so done, liability exists for the consequences.

Appellants argue that under those instructions the jury could find a nuisance only if they first found negligence. We disagree with appellant as to instruction 21. That instruction allows the jury to find a nuisance if the act done was wholly unauthorized or negligently done. Therefore the verdict was not contrary to instruction 21.

We agree with appellants that under instruction 14 the jury was required to find the City operated the landfill in a negligent manner before they could find a nuisance. That instruction would seem to be contrary to the verdict that there was a nuisance but that the City was not negligent. However, taking the instructions as a whole, we find that that discrepancy is not fatally defective. The court gave the jury correct and clear definitions of negligence and nuisance. Using the special verdict form, the jury found a nuisance existed but that the City was not negligent. The special verdict form did not require a finding of negligence

14

prior to finding a nuisance existed. There is ample evidence to support the findings that there was a nuisance and that the City was not negligent.

Instruction 14 was an erroneous statement of law. Under the statutory definition of nuisance at § 27-30-101, MCA, a nuisance can exist without negligence. Insofar as the verdict is contrary to the erroneous instruction, we find that appellants suffered no prejudice. We will not reverse a judgment where an erroneous instruction, taken in light of all the instructions, did not prejudice the complaining party. Wolf v. Barry O'Leary, Inc. (1957), 132 Mont. 468, 318 P.2d 582.

Because of our rulings on appellants' issues, we do not need to address the issues which the City raises on cross-appeal.

Affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

15