No. 88-308

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

CATHERINE DAHLIN,

Plaintiff and Appellant,

-vs-

JANICE HOLMQUIST,

Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hoyt & Blewett; Michael J. George, Great Falls,
Montana

For Respondent:

Donald L. Harris; Crowley, Haughey, Hanson, Toole
and Dietrich, Billings, Montana

Submitted on Briefs: Oct. 6, 1988

Decided: November 29, 1988

Filed:

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Catherine Dahlin appeals from the denial of her motion for a new trial by the District Court of the Thirteenth Judicial District, Yellowstone County. We reverse and remand for a new trial.

Appellant raises the following issues upon appeal:

1. Did the District Court's denial of plaintiff's motion in limine to exclude the secondary gain testimony of Dr. Lovitt deny plaintiff her right to a fair trial?

2. Was plaintiff denied a fair trial by the District Court's denial of plaintiff's request to inform the jury of defendant's insurance coverage following defendant's allusion to a lack of insurance by the comment "we paid"?

3. Was plaintiff denied a fair and impartial jury by the District Court's refusal to permit plaintiff to voir dire potential jurors about any bias resulting after media exposure to articles or advertisements on the "liability crisis"?

On February 26, 1984, the parties to this case were involved in an automobile accident in Lewistown, Montana. Catherine Dahlin suffered neck and shoulder injuries in the accident. She was subsequently seen by Dr. James Lovitt, an orthopedic surgeon, in March of 1984. He diagnosed her as suffering from a cervical and lumbar strain. To date, Dahlin continues to experience headaches and neck pain, even though the normal healing period for such an injury is six to twelve weeks.

On February 23, 1987, Dahlin filed a complaint alleging that the defendant's negligent vehicular operation caused the collision which resulted in her physical injury, pain and suffering, loss of established course of life, and lost

earning capacity. The District Court granted plaintiff's motion for summary judgment on the issue of liability after determining that defendant's negligence caused the accident. The court scheduled a jury trial on the issue of damages to begin February 16, 1988.

Prior to trial, plaintiff notified the court of her intent to question potential jurors about whether they believe, and consequently would be biased because of anything they had heard or read indicating that jury verdicts for plaintiffs in personal injury cases result in higher insurance premiums. On the morning of trial, plaintiff generally asserted that the extensive "media blitz" on the issue of "tort reform" and the "liability crisis" was sufficient to warrant such questioning. Plaintiff then offered four articles, generally published two years prior to trial, as proof of this "media blitz." The court held such articles were too remote in time to have any potential prejudicial effect on the jurors, and consequently it denied plaintiff's request to conduct such questioning.

Plaintiff filed a motion in limine four days prior to trial, requesting the court to exclude, among other things, all "secondary gain" testimony by Dr. Lovitt. The doctor defined such secondary gain as that financial, emotional, or other type of benefit received by virtue of the injury which serves to encourage the continuation of an injury. The court delayed ruling on this motion the first morning of trial, stating that it would review the deposition containing the secondary gain testimony prior to its presentation to the jury. The court later ruled, without having read the contested deposition testimony, that all of the deposition was admissible. Both parties subsequently read portions of Dr. Lovitt's deposition, including the testimony about "secondary gain," to the jury. Plaintiff then renewed her objection and

3

the court repeated its former ruling. However, the court did strike and admonish the jury to disregard the following highly prejudicial comment espoused by Dr. Lovitt when asked for a definition of secondary gain:

> It frequently is intentional, and we all know the-you know, the situation in which, you know, somebody stands to make a bunch of money if they have a liberal, nonperceptive jury that gives them a big award based on only subjective symptoms and findings.

Plaintiff also objected at the conclusion of defendant's closing argument to defense counsel's remark that, "[w]e paid." Plaintiff asserted that this allusion to insurance effectively "opened the door" on the subject of insurance. Therefore, the court should permit plaintiff to also comment on insurance coverage. The court denied this request.

The jury subsequently returned a verdict awarding the plaintiff $10,000 in damages. After subtracting those medical costs previously paid by the defendant's insurer, the court entered a judgment for plaintiff in the amount of $8,048.05.

Plaintiff moved for a new trial on March 18, 1988, alleging that she was denied her right to a fair trial. The court denied the motion for a new trial on April 26, 1988. This appeal followed.

The first issue raised upon appeal challenges the District Court's decision to allow the admission of the secondary gain testimony in Dr. Lovitt's deposition. Appellant alleges that all testimony of secondary gain was irrelevant and highly prejudicial, and that its admission denied plaintiff her right to a fair trial.

4

Evidence that is not relevant is inadmissible. Rule 402, M.R.Evid. Rule 401, M.R.Evid., defines relevant evidence as:

> [E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

This determination of relevancy and of the admissibility of evidence is within the discretion of the trial court. Welnel v. Hall (Mont. 1984), 694 P.2d 1346, 1348, 42 St.Rep. 195, 197. Consequently, we will not disturb the District Court's denial of plaintiff's motion in limine and permission to admit the disputed secondary gain testimony unless the court abused its discretion.

We hold that the trial judge in this case did in fact abuse his discretion when he denied plaintiff's motion in limine and ruled that all Dr. Lovitt's deposition testimony could be read to the jury. The proffered evidence of secondary gain did not meet the test of relevancy as it did not naturally and logically tend to make either the extent or validity of plaintiff's alleged continuing injury more or less probable. Britton v. Farmers Ins. Group (Mont. 1986), 721 P.2d 303, 315, 43 St.Rep. 641, 654. No evidence was introduced even implying that the concept of secondary gain was applicable to plaintiff. Dr. Lovitt did not suggest that the plaintiff's allegations of continuing pain were a result of either conscious or subconscious expectations of financial, emotional or other type of gain. Rather, Dr. Lovitt himself stated that he perceived plaintiff as a reasonable person who was "probably not going to improve a whole heck of a lot anytime in the near future." Dr. Lovitt thus concluded that:

5

> Yes I do really tend to believe her.
> I'll tell you why. Because her symptoms
> have been pretty much persistent over
> time, and she has continued to work.

Given the lack of any evidence even suggesting that plaintiff's injuries were influenced by secondary gain motives, the court's decision to allow the introduction of such testimony amounted to an abuse of discretion.

We will not reverse a judgment, however, unless the error affects the substantial rights of a party. See, State v. Fitzpatrick (1980), 186 Mont. 187, 205, 606 P.2d 1343, 1353, cert. denied, 449 U.S. 891. The facts in this case indicate that the court's erroneous ruling to admit all Dr. Lovitt's testimony did substantially prejudice the jury and affect plaintiff's right to a fair trial. One portion of the secondary gain testimony was so prejudicial that the District Court ruled to strike it from the record and then admonished the jury to disregard it. Yet the jury had already heard this highly prejudicial testimony and other irrelevant testimony of secondary gain because of the court's erroneous denial of plaintiff's prior motion in limine. It is irrelevant which party at trial read the prejudicial testimony to the jury, in view of the court's erroneous ruling. In this case, as in Kuiper v. Goodyear Tire (1983), 207 Mont. 37, 673 P.2d 1208, the failure of the trial court to exclude such evidence prejudicial to the defendant permitted the jury "to indulge in improper speculation and guesswork." Kuiper, 673 at 1217. The failure to exclude all secondary gain testimony constituted an error of sufficient magnitude to warrant a new trial. Consequently, the District Court erred in denying plaintiff's motion for a mistrial.

We need not address the second and third issues, having held the plaintiff is entitled to a new trial under the first

6

issue.    We admonish both parties, however, to refrain from any mention of insurance upon retrial.

Reversed and remanded for a new trial.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7