No. 88-216

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

ROLF A. JACOBSEN, et al.,

    Plaintiffs and Appellants,

    vs.

STATE OF MONTANA,

    Defendant and Respondent.

APPEAL FROM: The District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable     James Sorte, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

Daniel W. Hileman; Murray, Kaufman, Vidal & Gordon, P.C.,
Kalispell, Montana

    For Respondent:

Dana L. Christensen; Murphy, Robinson, Heckathorn & Phillips, P.C.,
Kalispell, Montana

Submitted on Briefs: December 29, 1988

Decided: February 9, 1989

Filed:

FILED

'89 FEB 9 AM 11 17

ED SMITH, CLERK
MONTANA SUPREME COURT

_____
/ Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal concerns alleged negligence by the State of Montana in combating a forest fire. Plaintiff Rolf A. Jacobsen, together with several other homeowners and an insurance company that sustained losses as a result of the fire in question (Plaintiffs), appeal from the judgment of the District Court of the Nineteenth Judicial District, Lincoln County, entered upon a jury verdict in favor of the State. We affirm.

Plaintiffs frame three issues for review:

1. Whether the District Court erred by allowing Defendant's Exhibits "L" and "N" into evidence over Plaintiffs' objections.

2. Whether there was substantial credible evidence to support the jury verdict.

3. Whether the District Court's giving of Defendant's Proposed Jury Instructions 18 and 21, and refusal to give Plaintiffs' Offered Instruction No. 6 was in error.

In August of 1984, the Houghton Creek area near Libby was the site of two forest fires relevant to this dispute. The initial fire was discovered on August 15, and burned approximately 87 acres. State fire-fighting personnel had contained and largely extinguished the first fire by August 20, and then began a schedule of daily patrols at the site of the burn. During these patrols, crews extinguished any fires or "smokes" they discovered within "two chains" (132 feet) of the outside perimeter of the burn.

August was a hot and dry month, and on the 27th a "red flag" warning was posted due to windy conditions. In the early afternoon, the Libby-area dispatcher for fire fighters received reports from Houghton Creek residents that the air

was becoming smoky and dusty. The dispatcher radioed two crews and directed them to interrupt their regular patrol schedules and proceed directly to the Houghton Creek burn. They were joined by a third, Inter-Unit crew that had been dispatched from Kalispell because of the red flag condition in the Libby area.

The first crew on the scene surveyed the burn area, where the crew boss later testified he observed smoke and winds of approximately 30 m.p.h. When the other crews arrived, the first crew boss told them he felt he could handle the situation and released them to other duties. Upon the departure of the two crews, the first crew boss returned to a vantage point on a ridge near the burn, where he saw fire burning rapidly in his direction. He radioed for help, and the other two crews returned. Members of the other crews testified to experiencing winds of 50 m.p.h. or more upon their return. At that point, the fire fighters were unable to control the blaze. It grew rapidly, joined with another fire that had started some distance away, and eventually burned over 12,000 acres.

Eleven actions were filed against the State for losses suffered due to the fire. All of the suits sounded in negligence, and were consolidated for trial on the issue of liability. At the close of trial, the jury returned its verdict in favor of the State. Judgment was entered thereon, and Plaintiffs appealed.

I. The Exhibits.

Plaintiffs assign error to the District Court's rulings on two pieces of evidence offered by the State. They first argue that both exhibits were irrelevant under Rule 401, M.R.Evid. Plaintiffs further allege that if the exhibits were relevant, their probative value was outweighed by their prejudicial effect, and they should have been excluded under

3

Rule 403, M.R.Evid. The determination of the admissibility of evidence is within the wide discretion of the trial court, and we will not disturb the court's ruling absent a showing of abuse of discretion. State v. J.C.E. (Mont. 1988), ___ P.2d ___, 45 St.Rep. 2373; Preston v. McDonnell (1983), 203 Mont. 64, 659 P.2d 276.

Plaintiffs first address Defendant's Exhibit "N," a map of the State of Montana. The map had been prepared by Steve Jorgensen of the Department of State Lands, who testified as the State's witness when the map was introduced. Jorgensen used red and orange spots to represent fires occurring within the state between August 15, 1984 (the date of the first Houghton Creek fire), and August 27, 1984 (the date of the second fire). According to the State, the map was offered to counter Plaintiffs' contention that the State had not prioritized its resources properly, and to show the weather conditions existing during the time in question. It is the State's contention that the unexpectedly strong winds of August 27, and not any negligence by the State, caused the fire to "blow up."

Plaintiffs objected on the ground of relevance, but the court admitted the exhibit. After Jorgensen's testimony about the number of fires on the map, Plaintiffs moved for a mistrial. They argued that the exhibit had inflamed the passions of the jury, making it impossible for them to receive a fair trial.

On appeal, Plaintiffs reassert both of these arguments. They note the definition of relevance in Rule 401, "having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable...." According to Plaintiffs, the map made no facts relative to the issue of the State's negligence more or less probable. The map did not show the manpower and

4

equipment available to the State, nor was the time frame sufficiently narrow to apply to the weather pattern in effect on the 27th. Plaintiffs assert prejudice in that the map sought to divert attention from the fire at issue and the State's performance in fighting it by graphically presenting the large scale of the fire situation statewide. We disagree.

The State refers to the testimony by Plaintiffs' expert witness regarding prioritization of fire-fighting resources. This witness voiced several criticisms of the fire-fighting methods employed in the Libby area, including the small size of the crews used and the overall lack of manpower on the Houghton Creek fire. On cross-examination, the State brought out the expert's lack of knowledge concerning other fires burning in northwest Montana that required attention. Some representation of the number of fires burning in the area was therefore relevant to the prioritization issue.

The weather was also an issue. Both sides discussed the dry conditions present during the summer of 1984, and the State raised a defense alleging that the unexpectedly strong winds of the 27th were an intervening cause of the flare-up. The map was relevant to each of these questions by showing the large number of fires resulting from the dry, windy weather occurring throughout the time period at issue.

Plaintiffs argue with merit that the map showed a much larger area than was required by the scope of these issues. However, the information offered did make facts concerning the number of fires requiring State attention and the severity of the fire season more probable. The information about the severity of the fire season was also relevant to Plaintiffs' contention that greater care should have been exercised by the State given the dry conditions.

In support of their claim of prejudice, Plaintiffs cite cases from this Court requiring the exclusion of evidence when its probative value is outweighed by its prejudicial effect, including Kuiper v. Goodyear Tire and Rubber Co. (1983), 207 Mont. 37, 673 P.2d 1208 (evidence in products liability case concerning defendant company's political contributions to persons connected with the Watergate scandal); and Welnel v. Hall (1985), 215 Mont. 78, 694 P.2d 1346 (largely speculative testimony in motorcycle-auto collision case that characterized the plaintiff as a stereotypical "biker").

In Kuiper, we found a "total absence" of evidence connecting the defendant's political contributions to the injury caused by its product. The plaintiff's constant reference to the defendant's connection with the scandal--including a 74-page opening statement--had turned the trial into a "political circus." In Welnel, the witness at issue was to testify about seeing a black Harley-Davidson motorcycle ridden by a bushy-haired man wearing a black leather jacket traveling at a high rate of speed. The witness could not identify the plaintiff as the rider, there was evidence showing that the plaintiff had very short hair and was not wearing a jacket on the day of the collision, and the time frame of this observation in reference to the collision was indefinite.

Here, the map was a single exhibit giving a graphic representation of the severe forest fire season cited by both parties in their arguments. Plaintiffs do not dispute its accuracy. As we said above, the scope of the exhibit was broader than necessary. It cannot be said, however, that it was so lacking in probity to be solely for the purpose of drawing the jury's attention from the main issues. Nor can it be said that the map was so inaccurate or indefinite that

its possible prejudice outweighed its probative value. We therefore find no abuse of discretion by the District Court in admitting the map.

Exhibit "L," an enlarged photograph of the Houghton Creek burn area taken by Department of State Lands employee Erik Kurtz on August 24, was likewise properly admitted. Plaintiffs contend that the photo, which shows no smoke in the burn area, lacked probative value because it conflicted with Kurtz's own radio log and the testimony of Plaintiffs' expert. A piece of evidence that conflicts with other evidence is not devoid of probity. The conflict affects only the weight it is to be accorded, which is within the exclusive province of the jury. 30 Am Jur 2d, Evidence §§ 1080, 1082; Wheeler v. City of Bozeman (Mont. 1988), 757 P.2d 345, 347, 45 St.Rep. 1173, 1176.

Plaintiffs assert that the photo was prejudicial because the condition of the fire on August 24 had no bearing on the alleged negligence that took place on August 27. Plaintiffs themselves, however, presented evidence of the condition of the burn during the time between the first and second Houghton Creek fire. Testimony by several of Plaintiffs' witnesses concerned the patrols conducted by Department of State Lands employees and whether those patrols dealt adequately with smoking or burning stumps during that period. The photograph showed a lack of smoke on one particular day during that period.

As with the map, the photo was not so lacking in probity or so inaccurate that it was prejudicial. While plaintiffs' expert noted the possibility that a photo taken from another angle may have shown smoke, he did not question the accuracy of Kurtz's photo. We find no abuse of discretion in the District Court's decision to admit the photo.

7

## II. Substantial Credible Evidence.

Plaintiffs next contend that the jury's verdict was not supported by substantial credible evidence. The standard for review of a jury verdict is whether there is substantial credible evidence to support it. Weinberg v. Farmers State Bank of Worden (Mont. 1988), 752 P.2d 719, 45 St.Rep. 391. However, this Court does not lightly overturn the verdict of a finder of fact, especially a jury. Palmer by Diacon v. Farmers Insurance Exchange (Mont. 1988), 761 P.2d 401, 45 St.Rep. 1694. The test of substantial credible evidence allows for reversal only if there is an absence of probative facts to support the verdict. Kleinsasser v. Superior Derrick Service, Inc. (Mont. 1985), 708 P.2d 568, 42 St.Rep. 1662.

The State took the position at trial that the intervening forces of nature--specifically the sudden, strong winds--were the cause of the second Houghton Creek fire and Plaintiffs resulting losses. The State also contended that its agents and employees acted reasonably in all aspects of fighting and containing the fire. The record contains the testimony of ten witnesses called by the State to present its case in chief. This testimony was supported by a total of 14 exhibits, including those discussed above.

While Plaintiffs have challenged the State's evidence and shown where some of it conflicts, these questions, as stated above, go only to the weight to be accorded the evidence. Plaintiffs have not shown an absence of probative facts to support the State's position. We decline to hold that the jury's verdict was not supported by substantial credible evidence.

## III. The Jury Instructions.

Plaintiffs assign error to the District Court for giving three of the jury instructions proposed by the State. They

8

contend that the instructions were mere commentary upon the evidence, and were contradictory and confusing. The disputed instructions read as follows:

> At the center of negligence is the concept of the reasonable person. What would a reasonable and prudent person, confronted by like circumstances and exercising reasonable care have done? In other words, negligence involves acting other than as a reasonable person would do in the circumstances. The reasonable person has been observed to be the epitome of ordinariness, never reckless or absent minded, yet neither endowed with exceptional courage, foresight, or skill.
> [Defendant's Proposed Instruction No. 18]

> Negligence is not proved merely because someone later demonstrates that there would have been a better way. Reasonable care does not require prescience nor is it measured with the benefit of hindsight.
> [Defendant's Instruction No. 21]

> An intervening cause will relieve a Defendant of liability for negligent acts where the cause is one which the Defendant could not reasonably anticipate under the circumstances.
> [Defendant's Proposed Instruction No. 26]

This Court has held that a party assigning error to the giving of a jury instruction will not prevail unless some prejudice is shown. Wilhelm v. City of Great Falls (Mont. 1987), 732 P.2d 1315, 44 St.Rep. 211; Farmers Union Grain Terminal Ass'n v. Montana Power Co. (1985), 216 Mont. 289, 700 P.2d 994. Where the instructions given state the law applicable to the case when read as a whole, a party cannot claim reversible error as to the giving of certain instructions. Goodnough v. State (1982), 199 Mont. 9, 647 P.2d 364. We have also held that refusal to instruct a jury on an important part of a party's theory of the case is

9

reversible error. Smith v. Rorvik (Mont. 1988), 751 P.2d 1053, 45 St.Rep. 451.

The instructions listed above correctly state principles of negligence law. When read together, they are not contradictory, nor do they appear confusing. Instructions 18 and 21 deal with the standard of care required of the State in dealing with the Houghton Creek fire. Plaintiffs charged the State with failing to exercise reasonable care, and presented evidence of the events leading up to the second Houghton Creek fire to show this. The State countered this allegation by arguing that its employees acted reasonably under the circumstances. Instructions 18 and 21 were not prejudicial to Plaintiffs.

Instruction No. 26 deals with the principle of intervening causes. Again, this is a correct statement of negligence law. It fits logically with the other instructions on negligence proposed by both sides for that reason. The State's main defense, as discussed above, was that the unusually strong winds that occurred on August 27 were the unforeseeable, intervening cause of the second Houghton Creek fire. Instruction 26 was not prejudicial to Plaintiffs.

Plaintiffs next contend that the District Court erred in refusing to give their Proposed Jury Instruction No. 6:

> A legal doctrine called "res ipsa loquitur" is involved in this case. The meaning of the term is, "it speaks for itself." Under this doctrine, even though negligence has not been proven by other evidence, you may infer negligence from the circumstances surrounding an event if you find from a preponderance of the evidence that (1) the event is of a kind which ordinarily does not occur in the absence of negligence; (2) other causes, including the conduct of the plaintiff and other persons, have been sufficiently eliminated by the evidence.

10

Plaintiffs fail, however, to present an argument to support their assertion that failure to give this instruction was error. By the definition given in the instruction, the doctrine does not appear to apply in this case. It is entirely possible, as the jury apparently believed, for a forest fire to occur or for an existing fire to break through a fire line in the absence of negligence. The State presented substantial evidence on that very question.

The decision of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____
_____
_____
_____
_____
Justices

Mr. Chief Justice J. A. Turnage did not participate.