JUSTICE WEBER,
dissenting:
My dissent focuses on Issue III in which the majority concludes that it was not error to refuse any of defendant’s proposed Instructions 15, 15-A and 15-B. The majority concludes that the theories on the part of the defendant are adequately set forth in Instruction No. 13 which is set forth as follows:
“The proximate cause of an injury is that cause which in a natural and continuous sequence, unbroken by an unforeseeable, new and independent cause, produces the injury, and without which it would not have occurred.” (Added words underlined.)
The majority concludes that Instruction No. 13 adequately sets forth the concept of foreseeability and its application to proximate causation. I suggest that the analysis of Instruction No. 13 is not consistent with Kitchen Krafters Inc. v. Eastside Bank of Montana (Mont. 1990), 242 Mont. 155, 789 P.2d 567, 47 St.Rep. 602. Instruction No. 13 speaks of “The” proximate cause in a case where there are three different causes to be considered. The instruction essentially uses the “but for” approach as it states that the proximate cause is that “without which the injury would not have occurred.” As pointed out in Kitchen Krafters, 242 Mont. at _, 789 P.2d at 574, 47 St. Rep. at 610, causation in fact is determined by the “but for,” test where applicable. However, if two causes concur to bring about an event then the “substantial factor” test is used. Under Kitchen Krafters, it appears that Instruction No. 13 improperly focuses on the negligence of the defendant Montana Power Company without reference to any concurring negligence.
The defendant’s problem with Instruction No. 13 is that it contends there is a failure to set forth its theories on foreseeability. The general rule is stated in Kitchen Krafters, 242 Mont. at 155 at_, 789 P.2d at 575, 47 St.Rep. at 611, as follows:
“Proximate cause is normally analyzed in terms of foreseeability. Simply stated, one is only liable for consequences which are considered to be reasonably foreseeable. Prosser and Keeton at § 43. If the consequences of one’s wrongful act are not reasonably foreseeable, *50 then it follows that it was not proximately caused by that act. Using this analysis, one must look forward through the chain of causation in order to determine whether the events which occurred were foreseeable. If they were, the element of proximate cause is satisfied and liability will attach.”
In analyzing the instructions in Kitchen Krafters, the Court concluded that the instructions were inadequate and suggested that on remand a proper instruction on proximate cause with regard to foreseeability would state:
“In order for the defendant’s negligence to be the proximate cause of the plaintiff’s injury, it must appear from the facts and circumstances surrounding the accident that the defendant as an ordinarily prudent person, could have foreseen that the plaintiff’s injury would be the natural and probable consequence of the wrongful act.”
The proposed instruction in Kitchen Krafters would have been much more helpful in the present case because it focuses on the aspect that the defendant as an ordinarily prudent person could have foreseen that the plaintiff’s injury would have been the natural and probable consequence of the wrongful act. Instruction No. 13 as given is much less helpful.
That is particularly true in the present case where we have a passive condition of danger created by the defendant Montana Power Company, which is followed in time by subsequent acts of negligence on the part of both Kessel and the plaintiff. This raises the issue of superseding, intervening causes. The instruction is totally inadequate in articulating the concept of superseding, intervening cause. Instruction No. 15-A as proposed by the defendant properly emphasized that if an act of negligence, such as that of the plaintiff or Kessel, subsequent to the first act of negligence was of such a character as not reasonably to be expected to happen in the natural sequence of events, then that later act is an independent, intervening cause. I believe that instruction to be an accurate statement of the law which cannot be derived from other instructions. It appears to me to be comparable to the instruction suggested in the majority opinion in Kitchen Krafters, which required the jury to determine if the defendant as an ordinarily prudent person could have foreseen that plaintiff’s injury would be the natural and probable consequence of the defendant’s negligence. To restate this in accordance with the factual determination which should have been required of the jury in the present case, the jury should have been instructed in such a manner as to require it to focus on whether or not the Montana Power *51 Company, as an ordinarily prudent person, could have reasonably foreseen that Kessel’s backing into the power line and the plaintiff’s injury would be the natural and probable consequence of its failure to raise the power line above 20 feet in height.
A proper instruction on this aspect was also defined by this Court in Jacobson v. State (1989), 236 Mont. 91, 769 P.2d 694, 698, 46 St.Rep. 207, 212, where this Court approved the following instruction:
“An intervening cause will relieve a Defendant of liability for negligent acts where the cause is one which the Defendant could not reasonably anticipate under the circumstances.”
I conclude that there has been a failure to properly instruct the jury on the defendant’s theory of the case and I would therefore reverse and remand.