No. 91-016

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

FILED

MAY 30 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

HARRY C. HOWARD,

       Plaintiff and Respondent,

-vs-

THOMAS D. HOLT and GEORGINE O. HOLT, husband and wife, GUY HOLT, DAWN MARIE HOLT,

       Defendants and Appellants.

---

APPEAL FROM:   District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          W. Cecil Jones, Dillon, Montana.

       For Respondent:

          John H. Jardine and David A. Grauman; Jardine & Grauman, Whitehall, Montana.

---

Submitted on briefs : April 18, 1991

Decided: May 30, 1991

Filed:

_____
Clerk

Justice R.C. McDonough delivered the Opinion of the Court.

Defendants Thomas D. Holt, Georgine O. Holt, Guy Holt, and Dawn Marie Holt appeal from a judgment and decree of foreclosure entered by the Fifth Judicial District, Beaverhead County. It is uncontested that the defendants were in default on a mortgage which was entered into with plaintiff, Harry C. Howard. The mortgage was secured by certain real property located in Beaverhead County.

The defendants maintain that the District Court erred when it looked only at the promissory note and mortgage during the foreclosure proceeding. They further argue that the District Court should have considered a property exchange agreement, entered into by the parties four months before the note and mortgage were signed.

We disagree. Relevant evidence is defined as

". . . evidence having any tendency to make the existence
of any fact that is of consequence to the determination
of the action more probable or less probable than it
would be without the evidence." Rule 401, M.R.Evid.

The District Court held that the note and mortgage superseded all prior agreements, including the property exchange agreement, entered into by the parties. The property exchange agreement had performed its written purpose when the parties completed their tax-free exchange of like assets. Its provisions cannot be utilized to change the plain wording of the written promissory note and mortgage, and was therefore irrelevant to the issues of default and foreclosure.

Determination of relevance and admissibility of evidence is

2

within the discretion of the trial court. We will not reverse its determination of these issues unless a clear abuse of discretion is shown. Dahlin v. Holmquist (1988), 235 Mont. 17, 766 P.2d 239. We find no abuse of discretion and, accordingly, the judgment of the District Court is affirmed. This appeal is dismissed. Let remittitur issue forthwith.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to West Publishing Company.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

3

May 30, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


W. CECIL JONES
Attorney at Law
134 East Reeder Street
P.O. Box 166
Dillon, MT  59725

John H. Jardine and David A. Grauman
JARDINE & GRAUMAN
P.O. Box 488
Whitehall, Montana 59759

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy