No. 98-608

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 125

294 Mont. 444

981 P.2d 275

NORMA HUNT and HARVEY HUNT,

Plaintiffs and Respondents,

v.

K-MART CORPORATION, a Michigan corporation,

Defendant and Appellant.

APPEAL FROM: District Court of the Twenty-First Judicial District,

In and for the County of Ravalli,

The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Guy W. Rogers and James E. Roberts, Brown Law Firm, P.C.;

Billings, Montana

For Respondents:

Lon J. Dale; Milodragovich, Dale, Steinbrenner & Binney, P.C.;

Missoula, Montana

Submitted on Briefs: March 25, 1999

Decided: June 3, 1999

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

**¶1. This products liability action was filed by Norma and Harvey Hunt against K-Mart Corporation. The case was tried to a jury in the Twenty-First Judicial District Court, Ravalli County, and a verdict was rendered in favor of the Hunts. At the close of trial, K-Mart filed a motion for new trial on grounds that the District Court improperly allowed expert evidence of hedonic damages. The District Court denied the motion. K-Mart appeals the denial of its motion for new trial and the resulting judgment against it. We affirm.**

**¶2. The sole issue presented on appeal is whether the District Court erred in admitting expert testimony of Norma's hedonic damages.**

BACKGROUND

**¶3. On April 1, 1996, the Hunts filed a complaint against K-Mart on a theory of strict products liability resulting from Norma's fall from an office chair purchased from K-Mart by Norma's employer. K-mart admitted the chair was defective, but disputed the amount of damages alleged in the complaint.**

**¶4. At trial, the Hunts introduced evidence concerning Norma's damages for loss of enjoyment of life, otherwise known as "hedonic damages," through the tandem testimony of two expert witnesses, one in psychology and another in economics. These experts calculated Norma's hedonic damages by assessing a percentage of loss suffered by her in each area of her life on a "loss of pleasure of life scale" and then inserting those percentages into a formula which translated the losses into actual dollar amounts. According to the expert testimony, the monetary value of Norma's loss of enjoyment of life was $228,526.**

**¶5. The jury awarded damages to Norma in the amount of $525,000 and to Harvey in the amount of $34,000. Although the jury's verdict was presented in a special verdict**

form, the verdict did not specifically set forth that portion of the total damages representing hedonic damages. After trial, K-Mart filed a motion for new trial on grounds that the expert testimony regarding Norma's hedonic damages was improperly admitted and resulted in an unfair trial and excessive damages. The District Court denied the motion. K-Mart appeals.

## DISCUSSION

**¶6. Did the District Court err in admitting expert testimony of Norma's hedonic damages?**

**¶7. The district court has broad discretion to determine whether or not evidence is relevant and admissible pursuant to the Montana Rules of Evidence. We therefore review evidentiary rulings for an abuse of discretion.** *Vincelette v. Metropolitan Life Ins. Co.*, **1998 MT 259, ¶ 12, 968 P.2d 275, ¶ 12, 55 St. Rep. 1071, ¶ 12. Moreover, in order for the erroneous admission of evidence to constitute grounds for a new trial under § 25-11-102, MCA, the error must be so significant as to materially affect the substantial rights of the complaining party.** *Zeke's Distr. Co. v. Brown-Forman Corp.* **(1989), 239 Mont. 272, 278, 779 P.2d 908, 912. We review a district court's denial of a motion for new trial to determine whether the court abused its discretion.** *Kneeland v. Luzenac America, Inc.*, **1998 MT 136, ¶ 54, 961 P.2d 725, ¶ 54, 55 St. Rep. 541, ¶ 54.**

**¶8. In its order denying K-Mart's motion for new trial, the District Court found that:**

Plaintiffs disclosed that Dr. Velin would testify as to psychological aspects of hedonic damages and Dr. Vinso would testify as to economic aspects of hedonic damages. In this Court's Scheduling Order of August 26, 1997, the Court ordered that all pre-trial motions, including motions in limine were to be filed on or before January 2, 1998. Prior to trial, Plaintiffs filed a Statement of Claim which enumerated total specific damages of almost $800,000.00, only $228,000.00 of which were specified as hedonic damages. On April 8, 1998, the Court issued a Jury Trial Preparation Order which stated that the final pre-trial Order was to be submitted to the Court for approval prior to June 1, 1998. The pre-trial order identified Drs. Velin and Vinso as two Plaintiff witnesses to be called, and identified exhibits related to the doctors. The Court also stated in its checklist for pre-trial conference and trial that all motions must be set for hearing at least five business days prior to trial. At no time did the Defendant file any motions or objections with respect to the proposed testimony and/or evidence to be presented by Drs. Vinso and Velin.

Defendant did not take exception to the testimony and evidence presented by Drs. Vinso and Velin until Dr. Velin was placed on the witness stand the second day of trial.

**¶9. The record reflects that when K-Mart objected at trial to the offered testimony, the District Court recessed and heard arguments on the objection in chambers. The basis of K-Mart's objection was that the experts were not qualified to testify and that hedonic damages in general are not an appropriate subject for expert testimony in Montana. When the District Court inquired whether K-Mart could supply any legal authority regarding the propriety of such testimony, K-Mart failed to cite any. The District Court overruled K-Mart's objection and the testimony was admitted.**

**¶10. Under Rule 103(a)(1), M.R.Evid., in order to preserve an objection to the admission of evidence for purposes of appeal, the objecting party must make a timely objection and state specific grounds for the objection. To be timely, the objection must be made as soon as the grounds for the objection become apparent. *Kizer v. Semitool, Inc.* (1991), 251 Mont. 199, 207, 824 P.2d 229, 234 (citing McCormick on Evidence (3d ed.1984), § 52 at p. 126). An objection to the introduction of evidence is sufficiently specific if it is accompanied by a reasonably definite statement of the grounds for the objection. *Kizer*, 251 Mont. at 207, 824 P.2d at 234. Failure to make a timely and specific objection constitutes a waiver of the right to claim error on appeal and results in the evidence being treated the same as any other admissible evidence. *Kizer*, 251 Mont. at 207, 824 P.2d at 234.**

**¶11. The United States Supreme Court's opinion in *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993), 509 U.S. 579, 592-93, 113 S. Ct. 2786, 2796, 125 L. Ed. 2d 469, 482, contemplates a hearing to determine admissibility of expert testimony which deals with questionable science in order that the court may make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." The usual and customary procedure for obtaining such a hearing is the filing of a motion in limine. *See Brothers v. Town of Virginia City* (1976), 171 Mont. 352, 356-57, 558 P.2d 464, 466-67. A motion in limine is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy. *Jones v. Stotts* (10th Cir. 1995), 59 F.3d 143, 146.**

**¶12. The grounds upon which K-Mart lodged its objection first became apparent as**

early as September 9, 1997, when the Hunts disclosed their intention to present expert testimony regarding Norma's hedonic damages at trial. However, K-Mart failed to file a motion in limine at that time seeking to have this evidence excluded. K-Mart had another opportunity to object to the introduction of this evidence when the District Court issued its pre-trial order listing the witnesses and exhibits to be used at trial, but again, K-Mart did nothing.

¶13. K-Mart finally lodged its objection to the admission of the expert testimony on the second day of trial, and a hearing on the objection was held at that time. At the hearing, the District Court inquired whether either party was aware of any appellate decisions regarding the use of expert testimony on hedonic damages. Counsel for the Hunts responded that "there have been decisions in other states . . . that have gone both ways on the subject." Counsel for the Hunts argued that the article relied on by the experts in this case had been published by the National Association of Clinical Economists and that both experts were qualified to testify with regard to that portion of the evidence related to their respective fields of expertise. Counsel for the Hunts also argued that because K-Mart had known for at least a year prior to trial of the Hunts' intention to introduce this testimony, K-Mart's objection was not timely.

¶14. K-Mart did not dispute that it was aware of the Hunts' intention to use expert testimony to demonstrate the amount of Norma's hedonic damages, or that the District Court's scheduling order had required all motions in limine to have been filed by January 1998. K-Mart did not cite any legal authority to the District Court in support of its position that this kind of testimony is not allowable in the courts of Montana or elsewhere and, when asked whether it was aware of any professional articles attacking the approach used by Drs. Velin and Vinso, K-Mart responded, "Nothing that directly attacks it; no, Judge."

¶15. We conclude that the District Court did not abuse its discretion in allowing expert testimony regarding Norma's hedonic damages due to the lack of a timely and specific objection to the introduction of this evidence at trial. Moreover, because the District Court did not err in allowing this evidence in the first instance, we hold that the District Court did not abuse its discretion in denying K-Mart's motion for new trial on the grounds that the admission of the evidence resulted in an unfair trial and excessive damages.

¶16. Affirmed.

No

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON